RIECKE v. WESTENHOFF *et al., Plaintiffs in Error.*

**Homestead, Mortgage of.** It was not necessary, under 1 Wagner's Statutes, page six hundred and ninety-seven, section one, that the wife should join with the husband in executing a mortgage upon the homestead to make it valid ; but it is otherwise since the enactment of section 2689 of the Revised Statutes of 1879.

*Error to St. Louis Court of Appeals.*

AFFIRMED.

*Kehr & Tittman* for plaintiffs in error.

(1) The judgment, as to George Westenhoff, is against the evidence and the admissions of the pleadings. The pleadings admit, and the evidence shows, that he was not in possession of the premises, but was living with his mother as a member of her family. Being irregular as to one of the defendants, the judgment should be set aside as to both. *Mutual Life Insurance Co. v. Clover,* 36 Mo. 392. (2) If the first three instructions given by the court lay down correct rules of law, then upon the undisputed facts established by the evidence, the verdict and judgment should have been for the defendants, and the motion for new trial, in which this point was distinctly made, should have been sustained. *Wannell v. Kem,* 57 Mo. 482 ; *Bohan v. Casey,* 5 Mo. App. 107 ; *Sharpe v. McPike,* 62 Mo. 300 ; *Steffen v. Bauer,* 70 Mo. 397. (3) The instructions asked by defendant embody correct principles of law, and should have been given. (4) Instructions five and six, given by the court, are erroneous. (5) There is no evidence whatever to support the verdict for the plaintiff. The presumption that

the certificate is true is destroyed when the facts upon which it is based are shown.

*Broad head & Haeussler*, and *Liecester Babcock* and *C. V. Scott* for defendant in error.

(1) The acknowledgment is at least *prima facie* evidence under the decisions of this court, and after the lapse of five years should be conclusive evidence of the facts therein stated, as against an innocent party. *Wannell v. Kem*, 57 Mo. 478; *Steffen v. Bauer*, 70 Mo. 399. (2) The widow cannot claim a homestead in the property her husband had conveyed in his lifetime, and which belonged to him—she having merely a dower right—nor as against a legal charge placed thereon by him. R. S., sec. 2693; *Lewis v. Curry*, 74 Mo. 52. (3) The widow, at best, could only have a right to dower, as the acknowledgment, as far as the husband is concerned, is not questioned; and, where the deed was to secure the payment of the purchase money, she does not even need to join, for she had no dower until it was paid for. *Creath v. Dale*, 69 Mo. 41. The jury were the sole judges of the testimony. *Wannell v. Kem*, 57 Mo. 478.

SHERWOOD, J.—Ejectment for lots in the city of St. Louis. Plaintiff became the purchaser of the lots at a sale under a deed of trust in January, 1879. The deed of trust bears date, and was acknowledged on June 1; 1872, by Caspar Westenhoff, and purported to be also acknowledged by his then wife, now widow, the present defendant. Her answer was a general denial, and, also, contained special matter to the effect that during her husband's life he and his family occupied the premises as a homestead; that she never acknowledged the deed of trust, and, therefore, the acknowledgment was void and

that she, with her son, still continued to occupy the premises as and for their homestead. There was testimony, *pro* and *con.*, as to the fact of the wife having properly acknowledged the deed. The jury found for the plaintiff, and there was judgment in his favor which was affirmed by the St. Louis court of appeals.

It is unnecessary to go into the propriety of the instructions given or refused in the cause, as there is one point which dominates the whole matter. It is this: At the time the deed of trust was executed by Caspar, the husband, it was unnecessary that the wife should join in the conveyance of the husband in order to pass the homestead. *Lewis v. Curry*, 74 Mo. 49; 1 W. S., 697, sec. 1. Since then the law in that particular has been changed. R. S. 1879, sec. 2689. It is only where there is some special statutory or other provision making the wife's signature to the deed conveying the homestead essential, that she need join with her husband in executing such deed.

The result is that we affirm the judgment. All concur.