Greer v. Major.

GREER v. MAJOR *et al.*; W. B. MAJOR, *Appellant.*

Division Two, February 14, 1893.

1. **Homestead**: FILING CLAIM FOR WIFE: DEED OF TRUST BY HUSBAND. Where the wife files no claim of record for homestead, as provided by Revised Statutes, 1889, sec. 2689, the record of title to which is in her husband, a deed of trust executed by the husband alone is valid and, a sale thereunder passes the title subject only to the wife's inchoate right of dower. (*Riecke v. Westenhoff*, 85 Mo. 642, and *Kaes v. Gross*, 92 Mo. 647, *disapproved.*)

2. **Ejectment**: JUDGMENT: RES JUDICATA. Where in a proceeding to revive a judgment, defendant set up certain facts as constituting payment, and judgment of revival was entered and defendant's land was sold under execution issued thereon and purchased by plaintiff who brought ejectment against defendant for possession, the latter cannot set up as a defense in ejectment the fact of payment pleaded in the proceedings for revival, such defense being *res judicata*.

*Appeal from LaFayette Circuit Court.*—HON. C. W. SLOAN, Judge.

AFFIRMED.

VOL. 114—10

*J. D. Shewalter* and *S. N. Wilson* for appellant.

(1) The homestead law is intended for the benefit of the family and is to receive a liberal construction with that end in view. *Vogler v. Montgomery*, 54 Mo. 577; *State ex rel. v. Diveling*, 66 Mo. 375; *Cox v. Wilder*, 2 Dillon C. C. 46; *Morgan v. Stearn*, 41 Vt. 398. (2) It may be shown that a deed absolute in form was intended as a mortgage; and, when this is shown, the rights and incidents of a mortgage merely and not a conveyance attaches thereto. As one of these incidents, the land is not subject to sale on execution on a judgment against the mortgagee (grantee). *Turner v. Kerr*, 44 Mo. 431; *O'Niell v. Capelle*, 62 Mo. 202; *Sharkey v. Sharkey*, 47 Mo. 543; *Schradski v. Albright*, 93 Mo. 48. (3) No notice by Major that he claimed a homestead was necessary; occupancy of premises was sufficient. *Vogler v. Montgomery*, 54 Mo. 577; *Martin v. Jones*, 72 Mo. 23; *Cook v. McChristian*, 4 Cal. 25; *Holden v. Finney*, 6 Cal. 234; *Pardue v. Lindly*, 31 Ill. 187; *Week v. Roswell*, 47 N. H. 5; 22 Ark. 400. (4) If Major was the payee of the note executed by the four Greers, and indorsed it for the accommodation of the makers, he was merely an indorser and not liable to any of the makers for any amount paid by them. Daniel on Negotiable Instruments [3 Ed.] par. 703; *Deitz v. Corwin*, 35 Mo. 376; *Hillegas v. Stephenson*, 75 Mo. 118; *Grabbe v. Bosse*, 10 Mo. App. 492; *Durbe v. Christy*, 10 Mo. App. 566. (5) When the money to pay the amount of a judgment on a note is advanced by one or more of the makers, and the judgment, for the purpose of keeping it alive, is assigned to a third person, the judgment in such case is paid as to the indorser, and a sale thereunder afterwards is void. *Bobb v. Taylor*, 56 Mo. 311; *Hull v.*

*Sherwood,* 59 Mo. 172. (6) Fraud in law or in fact is sufficient to avoid a deed. In this case both were shown. *Massey v. Young,* 73 Mo. 260; *State v. Nouert,* 2 Mo. App. 295.

*Graves & Aull* for respondent.

(1) There is no question of homestead in this case as the wife filed no claim under the statute. Revised Statutes, 1889, sec. 5435. (2) Parol evidence was not admissible between a debtor and a creditor to show that an absolute deed given by the debtor to a third party was in fact given as a mortgage. "That an instrument absolute upon its face may be shown to be a mortgage by parol evidence as to innocent third parties is a novel and somewhat startling proposition. Of what protection would be our registry laws?" *State to use v. Koch,* 40 Mo. App. 640; Jones on Mortgages [4 Ed.] sec. 282; *Hoyell v. Lindell,* 10 Mo. 483; *Hassam v. Barnett,* 115 Mass. 256; *Schradski v. Albright,* 93 Mo. 42. The case of *Vogler v. Montgomery,* cited by appellant as law upon his imaginary facts, is criticised in *Farrar v. Quigly,* 57 Mo. 284; *Shindler v. Givens,* 63 Mo. 396; *Schaeffer v. Bellsmeier,* 107 Mo. 314. (3) In the proceeding by respondent to revive the judgment against appellant and others, all defenses made or that could under the pleadings have been made by appellant therein are *res judicata.* *Greenabaum v. Elliott,* 60 Mo. 29; *Gaslight Co. v. St. Louis,* 12 Mo. App. 572; *Railroad v. Levy,* 17 Mo. App. 502. (4) The assignment of the judgment was properly made. Revised Statutes, 1889, sec. 6043; *Tutt v. Couzins,* 50 Mo. 152; *Burgess v. Cave,* 52 Mo. 43; *May v. Kellar,* 1 Mo. App. 381; *Emery v. Joice,* 70 Mo. 537. (5) There was no fraud in fact or law in this case on respondent's part.

BURGESS, J.—Action in ejectment for the recovery of forty-two acres of land in LaFayette county. The petition is in the usual form. The answer of W. Boon Major is a general denial except as to possession, which he admits. He then alleges the following:

"*First.* That in July, 1885, and for a number of years prior thereto, he had been the owner of the real estate and that it constituted the home of himself and family; that on the sixth day of July, 1885, he, without his wife joining, executed a deed of trust thereon to C. T. Buehner, trustee, to secure a note to the Bank of Higginsville for $1,000; that this note was afterwards transferred to the Morrison-Wentworth Bank, who in turn transferred it to plaintiff, who, by and through Charles S. Mitchell, sheriff, sold the land under said deed of trust; that after the execution of this deed of trust and on January 23, 1886, defendant, W. Boon Major, by deed absolute in form, conveyed the land to Robert L. Greer, but in fact the conveyance was a mortgage to secure Robert from contingent liability as the security of defendant; that Robert, not having paid any of the security debts, afterwards conveyed the land to the two sons of defendant, W. Boon Major, who had full knowledge and claim no title.

"*Second.* That on November 13, 1884 (*i. e.* before the execution of the aforesaid deed of trust), four of the Greer brothers—Robert L., Jerome B., William A. and John P.—executed their note to the Morrison-Wentworth Bank for $2,793.81, which note for accommodation was indorsed by defendant; that the Greers received the entire proceeds; that afterwards a judgment was rendered against all the parties on this note except Jerome B.; that afterwards William A., Jerome B. and John P. paid off this judgment, but, for the fraudulent purpose of cheating and defrauding defendant out of

his homestead, entered into a conspiracy for that purpose with another brother, the plaintiff, James A. Greer, and for that purpose had the judgment transferred to him; that at first they tried to use Grove Young, a brother-in-law, but he refusing to unite therein (in fact an execution was issued by the Greers without Young's authority, in his name), in furtherance of their fraudulent scheme, the judgment was transferred to plaintiff; that having fraudulently obtained this judgment in his name, acting in fact for his brothers he caused an execution to issue, levied on this land and sold and procured a sheriff's deed, though the sheriff was notified before the sale that it constituted the homestead of defendant and family and that it did not exceed one hundred and sixty acres or $1,500 in value above incumbrances; that after this sale, in pursuance of the conspiracy to cheat and defraud, plaintiff, acting for and in behalf of his brothers, procured an assignment to him of the note secured by the deed of trust, and did, notwithstanding the objections of defendant, sell under said deed of trust; that by selling his homestead under execution plaintiff cast a cloud on his title and prevented, and intended to prevent, him from raising thereon the necessary amount, which he could otherwise have done, to pay off the deed of trust note, and that this was the fraudulent object in selling said forty acres under execution; that having got the title in this shape plaintiff, still carrying out the fraudulent object and purpose, refused to transfer said note to others who defendant got to take up and carry the loan, though he was requested to do so, without any recourse on him, the plaintiff, while he prevented defendant from borrowing the money on the land by setting up and asserting title under the execution sale.''

Defendant asks to have his homestead ascertained and set off, the amount due on the deed of trust, interest and costs ascertained, offers to pay, and brings the same into court, asks that the deeds by Mitchell be set aside, and for other necessary relief.

The reply, as to payment of the judgment, alleges that that matter was adjudged in the proceeding by *scire facias* to revive the judgment and lien and denies all fraud and all the allegations of the answer, except the assignment of the note and judgment to plaintiff and the fact of sales thereunder.

On the tenth day of May, 1880, the real estate in controversy was conveyed in fee simple title to appellant, W. Boon Major. On November 14, 1884, R. L. and W. A. Greer, J. B. Greer and J. P. Greer executed a note in favor of W. B. Major for $2,793.81, with interest at ten per cent., the interest to be compounded if not paid annually, and payable six months after date, which was in renewal of a note formerly given Major, for value received; transferred the note to the Morrison-Wentworth Bank, which bank caused the same, when due, to be duly protested, and obtained a judgment against the said Greers and Major for the same, excepting Jerome B. Greer. This judgment for value received and by due course of assignment was transferred to plaintiff, who was in no way connected with the original note.

The lien of this judgment was about to expire and the owner of it began proceedings returnable to the April term, 1886, of the circuit court of LaFayette county, Missouri, to have the judgment and lien revived. Defendant's answer filed in said cause is as follows: "The defendant, W. Boon Major, for answer to plaintiff's petition, admits that the Morrison-Wentworth Bank obtained judgment against the defendants for the sum of $2,971 in the circuit court of LaFayette county,

state of Missouri, at the April term, on the seventh day of April, 1886, and that said bank assigned said judgment for value to Grove Young on the twenty-ninth day of November, 1886; and the defendant further states that he has no knowledge or information sufficient to form a belief as to whether or not the said Grove Young assigned said judgment for value to the plaintiff on the eleventh day of March, 1889. The defendant, W. Boone Major, for further answer avers and alleges that long before this action said judgment and costs were paid in full. Therefore, defendant asks judgment for costs, and that the said plaintiff be required to release said judgment on the records, as required by law.''

A reply was filed to this answer, and on a hearing at the same term of court the judgment and lien were revived.

On the sixth day of July, 1885, W. B. Major executed and delivered to the Bank of Higginsville his note for $1,000 and interest, and to secure the same gave a deed of trust upon the real estate in controversy; after the execution of this note and deed of trust, and after the judgment aforesaid was obtained, W. B. Major and wife, by warranty deed, conveyed the said real estate to R. L. Greer, reciting therein that it was subject to said deed of trust and another deed of trust, and the same was afterwards by said R. L. Greer and wife and subject to said deeds of trust, conveyed to defendants, H. A. and Wm. Major, said judgment being still alive and a lien thereon. This note and deed of trust were for full value transferred and conveyed to plaintiff. At no time until the day of sale under this deed of trust was it intimated and plaintiff at no time until then knew or heard that the absolute warranty deed of W. B. Major and wife to R. L. Greer was claimed to have been intended as a mortgage. The real estate was sold

under said deed of trust, and also under execution upon said judgment against both W. B. Major and R. L. Greer, and bought in by plaintiff, who was the owner and holder of both. Said R. L. Greer was a brother of plaintiff and a son-in-law of W. B. Major. The deed of trust was signed by W. B. Major only, and the deed to R. L. Greer was signed by both Major and wife. After purchasing the real estate this suit was instituted, and plaintiff obtained a judgment and decree in his favor in the circuit court, from which W. Boone Major has appealed to this court.

Appellant asked four declarations of law all of which were refused. They were as follows:

"1. If the deed-from Major was intended as a mortgage by all parties; if the two sons of Major knew this and paid no consideration for the land and do not question the rights of defendant; that he purchased the land in 1880, is the head of a family, and has used it since that date as a homestead for himself and family, that it does not exceed one hundred and sixty acres or $1,500 in value above incumbrances, then the defendant did not lose his homestead by the execution of the above deed, nor did the same become liable to seizure or sale as the property of R. L. Greer, and a person so buying on execution buys at his risk and must take notice of the condition of the title, and no express notice is necesssary.

"2. That if the Greers executed their note in form to Major, that it was indorsed by Major for the accommodation of R. L. Greer and W. A., who obtained the proceeds, then he was the indorser, the others, makers, and he, Major, was not liable to them for any amount they paid in liquidation of the note or judgment thereon; that if judgment was rendered on the note against all parties except J. B. Greer, that it was assigned to Young, that he would advance the money

and take the note of J. P., J. B. and Jas. A. Greer, together with a deed of trust in Johnson county; that such deed was given by John P. Greer, one of the makers of the original note, then if James A. paid of his own means the note of himself J. P. and J. B. to Young, he could not collect the amount out of the lands in controversy without first exhausting the security given by John P., one of the makers of the original note, provided the court believes from the evidence the deed to this land from Major to Robt. L. Greer (another maker of the original note) though absolute in form was merely a mortgage.

"3. If the Greers executed their note to Major, who indorsed it for accommodation, he receiving none of the proceeds; that one or all of the makers paid to James A. Greer (plaintiff) the money necessary to pay off said judgment, then said judgment became extinguished as to W. P. Major and no title passed by a sale thereunder afterwards.

"4. If the court believes from the evidence the real estate as a homestead as declared in another instruction and the plaintiff caused the same to be sold under execution; that if after this plaintiff became the holder of a valid note and deed of trust; that if by means of the sheriff's deed persons who were ready and willing to advance on the security of said land money necessary to pay off the valid deed of trust were deterred and kept from doing so and by reason thereof defendant W. B. Major was kept from borrowing the money while at the same time plaintiff refused to transfer said note to such persons who would take it and pay him the amount without any recourse on plaintiff, and while so refusing had the land sold under the deed of trust, then such conduct is a fraud in law and defendant is not thereby deprived of his right to redeem."

Appellant's first contention is that as the tract of land in controversy was occupied by himself, wife and family as a homestead at the time of the execution of the note and deed of trust given by him for the use and benefit of the Bank of Higginsville, and as she did not join in the execution of it, that therefore, the deed of trust and sale thereunder were absolutely void and passed no title. Section 2689, Revised Statutes of 1879, which was in force when the deed of trust under consideration was executed, after providing for homestead exemption when owned by the head of a family, contains this further provision: "That any married woman may file her claim to the tract or lot of land occupied or claimed by her and her husband, or by her, if abandoned by her husband, as a homestead; said claim shall set forth the tract or lot claimed, that she is the wife of the person in whose name the said tract or lot appears of record, and said claim shall be acknowledged by her before some officer authorized to take proof or acknowledgments of instruments of writing affecting real estate, and be filed in the recorder's office, and it shall be the duty of the recorder to receive and record the same. After the filing of such claims, duly acknowledged, the husband shall be debarred from and incapable of selling, mortgaging or alienating the homestead in any manner whatever, and every such sale, mortgage or alienation is hereby declared null and void; and the filing of any such claims, as aforesaid, with the recorder, shall impart notice to all persons of the *contest* thereof, and all subsequent purchasers and mortgagors shall be deemed, in law and equity, to purchase with notice; provided, however, that nothing herein contained shall be so construed as to prevent the husband and wife from *jointly* conveying, mortgaging, alienating or in any

Greer v. Major.

other manner disposing of such homestead or any part thereof.''

The only restriction placed on the right of the husband to convey the homestead by this section is in case the wife while living with the husband as such shall make her claim in writing, describing the land or lot, stating that she is the wife of the occupant, and after having acknowledged the same before some officer authorized by the laws of this state to take the acknowledgment, and has filed the same in the office of the recorder of deeds for record, then any sale or mortgage of the homestead thereafter by the husband would be null and void. But in the case at bar nothing of this kind was done. And unless there existed in the statute some inhibition against the husband mortgaging the homestead, without his wife joining in the mortgage with him, then the deed of trust was valid and the sale thereunder passed the title, subject only to the wife's inchoate right of dower. The proviso in section 2689, *supra*, is not in conflict with that part of the section quoted, but is rather explanatory thereof. And in providing that the husband and wife together may convey the homestead is not to be understood as meaning that the husband may not do so without joining the wife in the conveyance.

While the statute being of a benign character should be given the most liberal construction, it is not thought that it was ever intended by the legislature by which it was enacted, that it should be so construed as to deprive the owner of the homestead from selling, mortgaging or otherwise disposing of it as might seem to him best for the benefit of himself and those dependent upon him for support. In so far as a different opinion seems to have been expressed by this court in regard to the construction of section 2689, Revised Statutes of 1879, in the case of *Riecke v. Westenhoff*,

85 Mo. 642, and also in the case of *Kaes v. Gross*, 92 Mo. 647, these cases ought not to be longer followed and are overruled as what was said in them in regard to the inability of the husband to convey the homestead without his wife joining in the conveyance was mere *obiter dictum*.

The trustee's deed, we think, passed all the title that appellant had in the land in controversy to the plaintiff.

On the twenty-third day of January, 1886, the appellant conveyed the land in controversy to his co-defendant, Robert L. Greer, who, on the seventeenth day of March, 1888, without any consideration, conveyed it to the sons of appellant, Henry A. and William M. Major. At the time of these conveyances, the judgment in favor of the Morrison-Wentworth Bank against appellant, Robert L. Greer, and others, was a lien on the land, if not exempt because of its being the homestead of appellant. The legal title then at the time of the sheriff's sale under execution was in Henry A. and William M. Major. They were not in the possession of the land, however, at the time of the trial of this cause and no judgment was rendered against them. The legal title was in them at the time of the sheriff's sale under the judgment and execution in favor of the Morrison-Wentworth Bank and against both the appellant and Robert L. Greer, and at which sale plaintiff became the purchaser of the land and received the sheriff's deed therefor.

Appellant alleges in his answer and now claims, that the deed by him to Robert L. Greer, although on its face a deed of general warranty was in fact intended and understood by the parties thereto to be a mortgage for the purpose of securing Greer against liability on some debts for which he was security for the grantor in the deed; that said debts had all been paid off and that

plaintiff had notice before and at the time he purchased the land at the sheriff's sale under execution.

Admitting, but not conceding, that it is true as alleged by appellant that the deed was intended as a mortgage and that the debt had been extinguished and plaintiff had notice thereof at the time of the sheriff's sale, does that in any way better his condition and place him on any more advantageous ground? We think not; because, if the land was his, it passed to the plaintiff by virtue of a trustee's deed. And if it was Robert L. Greer's, it passed to plaintiff by virtue of the sheriff's deed under the execution and judgment in favor of the Morrison-Wentworth Bank.

It is also claimed that the judgment in favor of the bank was satisfied in full, and was of no force and effect at the time of the sheriff's sale. These same facts were set up by appellant in a proceeding had in the circuit court of LaFayette county at the April term, 1889, for the purpose of reviving the judgment and its lien, when a judgment was rendered by the court reviving the judgment and lien, thereby holding and adjudging that it was unpaid. It remained unsatisfied at the time of the sheriff's sale. So far then as this defense is concerned it was *res judicata*. *Greenabaum v. Elliott*, 60 Mo. 29; *Gaslight Co. v. St. Louis*, 12 Mo. App. 572; *Railroad v. Levy*, 17 Mo. App. 502.

The judgment was regularly assigned to one Grove Young by the bank and by Young to the plaintiff.

The court did not err in refusing the instructions prayed by appellant, and in giving the one asked by plaintiff.

There are other questions presented by counsel for appellant, but it is thought unnecessary to consider them, as it follows from the views herein expressed that the judgment must necessarily be affirmed. All of this division concur.