## EX PARTE GEORGE DUREN.

### No. 1829. Decided February 1, 1899.

**1.  County Convict—Hiring—Construction of Statute.**

The statute authorizing the punishment by hiring of a county convict is highly penal in its terms, and is entitled to a liberal construction in favor of the convict.

**2.  Same.**

Article 3744, Revised Statutes, provides that a county convict who has been hired out shall be entitled to 25 cents credit on his fine and costs for each day he may serve under such hiring, but that his term of service is in no event to be greater than one day for each 50 cents of fine and costs. Held, this means that where, by his services at 50 cents per day, he has discharged his fine and costs, he is entitled to be released.

APPEAL from the County Court of Brazos.  Tried below before Hon. A. J. BEARD, County Judge.

Appeal from a habeas corpus proceeding wherein relator, who was a hired county convict, was remanded back into the custody of the hirer.

The opinion states the case.

*Hudson & Nall,* for relator.

*Robt. A. John,* Assistant Attorney-General, for the State.—As a counter proposition to applicant's first and only proposition submitted in his brief, the State submits that article 3744 states plainly two methods by which a convict may discharge a fine assessed for a misdemeanor, to wit:

First.  He may be worked upon the public roads or on the county farm and be credited not less than 50 cents per day.

Second.  He may be hired to an individual, company, or corporation, and be credited not less than 25 cents per day.

The fair construction of the statutes is to draw a distinction between the term "service" and the term "hiring;" that is to say, the convict serves his fine out at 50 cents per day when placed to work upon public utilities, but is entitled, when the contract so recites, to not less than 25 cents per day, when hired to an individual, etc.  The term "expiration of his service" does not apply when hired under contract, or it would have read "expiration of his service and hiring."

Article 3744 of the Revised Statutes is not penal in its nature.  It simply seeks to regulate how a punishment already assessed may be discharged other than by the payment of the fine assessed in money, and should be construed as provided for by the Civil Statutes.

The construction should be liberal, not strict and literal, in behalf of the State, if for no other reason, because it refers to misdemeanors and to procedure in the collection of judgments by the State.  McLean Crim. Law, sec. 83; Randolph v. State, 9 Texas, 523.

The original article is to be looked at in order to ascertain legislative intent.  The article as first enacted gave the county authorities unlimited discretion as to the terms of hiring (see Revised Statutes

1879), and had no provision whatsoever as to working them upon public roads, etc. In 1882 the statute as it now exists was amended, except that the minimum amount for which a convict was to be hired and the minimum credit allowed for work done for the county was the sum of 50 cents in both instances. See Acts of 1882, p. 16. Subsequently the act was amended by reducing the minimum credit for hiring to 25 cents per day. What did the Legislature intend but to distinguish the two modes and place the minimum less in the hiring of a convict where, under the contract, the hirer is bonded to treat a convict kindly, etc., than where worked on public roads and county farms?

BROOKS, JUDGE.—This is an appeal from a habeas corpus proceeding had before the county judge of Brazos County, in which relator was remanded to the custody of W. D. Yardley, and from the order of the court he prosecutes this appeal.

It appears from the record that relator was convicted in the District Court of Brazos County, on the ———— day of April, 1898, of an aggravated assault, and his punishment assessed at a fine of $25 and costs, amounting to $73.46; the total fine and costs adjudged against appellant being $98.46. Applicant was hired out by the county judge of Brazos County on the 7th of April, 1898, to W. D. Yardley, to pay said fine and costs adjudged against him. The hiring of applicant was at the rate of 25 cents per day. Applicant contends that the county judge had no right to hire him at the rate of 25 cents per day; that article 3744 of the Revised Statutes authorizes him, when hired out, to receive, as a credit against his fine and costs, 50 cents per day; and he claims that it would only require 197 days' labor on his part to pay off his said fine and costs at 50 cents per day, and that he has already served more than that length of time, and should be enlarged. The contention of the State is that a proper construction of said article 3744 authorizes the county judge to hire appellant out at 25 cents a day, and that at said rate the time of said convict will not expire until he has worked 394 days, or, at least, the term of hiring will not terminate until the expiration of one year; and it is insisted that the construction of said article should be liberal in behalf of the State, as the collection of such fine by a hiring is not a penal statute.

We can not agree with this contention. The statute authorizing this punishment by hiring, in our opinion, is highly penal in its terms; and it is entitled to a liberal construction, if that were necessary, in favor of the convict. Formerly it does not appear that there was any limitation in favor of the convict as to what he was to get per day for his labor when hired out to a private party. The statute evidently contemplated that he was to be hired out at such rate as could be procured for his services, and such hiring was to continue until, by his labor, he had discharged the fine and costs adjudged against him in full. See Rev. Stats. 1879, title 71, chap. 10. And a different rule appears to have been applied to convicts worked by the county on its

own farm or workhouse, or on public works of the county. In such case the convict was to be credited with $1 per day on account of his fine or term of imprisonment. In 1887, article 3602 of the Revised Statutes of 1879 was amended. See Acts 20th Leg., p. 11. By the amendment, county convicts hired out to private individuals were authorized to receive 25 cents a day, to be credited against the fine and costs; and it was provided that in no case should the term of his imprisonment extend beyond two years. In 1895, on the revision of the Code, article 3602 is brought forward as article 3744, but, as brought forward, it is in an amended form. This article reads as follows: "Any person who may be convicted of a misdemeanor or petty offense, and who shall be committed to jail in default of the payment of the fine and costs adjudged against him, may be worked upon the public roads or upon county farms of the county in which said conviction is had, or be hired out to any individual company or corporation within the county of conviction, to remain in said county, and the proceeds of said hiring, when collected, shall be applied: First, to the payment of the costs, and second, to the payment of the fine; and every convict shall be entitled to a credit of 25 cents on his fine and costs for each day he may serve under such hiring, including Sunday; and he shall be discharged at any time upon payment of the balance due on his fine and costs, or upon the expiration of his term of service, his term of service in no event to be greater than one day for each 50 cents of fine and costs; provided, that in no case shall the counties be responsible to the officers for their costs, and in no case shall such convicts be hired out for a longer period than one year for failure to pay a fine and costs, and on the expiration of said time, unless by his hire such fine and costs have been sooner paid off, said convicts shall be finally discharged." We do not understand it to be questioned that the Legislature, in passing the Code, had a right to amend this article as was done. As amended, it does not occur to us there is any difficulty as to its proper construction. True, it provides that "every convict shall be entitled to a credit of 25 cents on his fine and costs for each day he may serve under such hiring;" but it further provides, "His term of service in no event to be greater than one day for each 50 cents of fine and costs." It does not matter what may have actuated the Legislature in making this change; whether it was by accident or design is immaterial. The language used could not be stronger. The act is emphatic in its terms, and declares specifically that in no event shall the term of a convict's service be greater than one day for each 50 cents of fine and costs; that is, in all cases, the convict shall be entitled to a credit of 50 cents against his fine and costs. And we understand by this is meant that when, by his services at 50 cents per day, he has discharged his fine and costs, he is entitled to be released. We are not concerned here about other provisions of the statute which relate to the officers or to the payment of their costs. That is a matter between them and the county. But we do hold that the Legislature has, by an express provision of the law, fixed the rate which the convict shall receive against his

fine and costs. We regard it as a humane provision of the law, and one to which the convict is entitled; and if there were any difficulty in the construction of the statute in question, which there is not, it would be our duty to construe it in favor of the applicant in this case. The judgment of the lower court is reversed, and the relator is ordered to be discharged.

*Reversed and relator discharged.*

DAVIDSON, Presiding Judge, absent.