FRANK OGDEN, Respondent, v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, Appellant.

### Kansas City Court of Appeals, June 8, 1908.

1. **RES ADJUDICATA: Issues Settled: Rule.** Where the purpose and object of the former action are the same as the latter action it is not to be questioned that the judgment concludes everything which might have been brought forward, although in fact not pleaded or in evidence.

2. ———: ———: ———: **Flooding Lands.** *Held,* this action is to recover the same damages for flooding the same land by reason of the same alleged obstruction as the former action between the same parties and that the claim in suit could, by reasonable diligence, have been properly litigated in that proceeding.

Appeal from Daviess Circuit Court.—*Hon. Joshua W. Alexander,* Judge.

REVERSED.

STATEMENT.—This action was instituted in the circuit court of Daviess county, Missouri, on the seventh day of June, 1905, for the purpose of recovering from the defendant damages for injuries to plaintiff's crop of corn by the overflow of Weldon's Fork of Grand River, and the flooding of the lands which plaintiff was farming there in the latter part of July, 1902.

Weldon's Fork of Grand River runs from the northeast to the southwest, as it passes Mill Grove in Mercer county, Missouri, and the river bottom at Mill Grove, and for some distance up and down the stream from that point, is something like a mile wide. Across this bottom some years prior to 1902, defendant constructed

its railroad, and, in doing so, built a dump or embankment all the way across the bottom, running from eight to fifteen feet high. At the south end of this embankment there was trestle work, several hundred feet in length; then came the approach of the bridge, about forty feet long; then the bridge across the river at Mill Grove, about one hundred and fifty-seven feet long. Originally, there was trestle work at intervals along this embankment, across the bottom, so that when the river overflowed, the surface water passed out through these trestle openings, but the gaps were, from time to time, filled up with earth, and, at the time of the flood in question, there were only two openings through the roadbed, north of the approach of the bridge, one of these something like half a mile north of the bridge, being about nine feet wide, and the other just north of and adjoining the approach of the bridge, about two hundred feet wide; so that the opening at the river, including the space under the bridge, and the approach thereto, and the open trestle work immediately north of the approach, was about four hundred feet. Some years prior to the flood in 1902, this bridge was built and the south pier thereof was placed partly in the channel of the stream, and piling, which had been driven into the bed of the stream in constructing the bridge, was cut off just above the surface of the water. Some of this piling washed out, especially on the south side of the channel, but, on the north side, it did not; and, as a result, from time to time a sandbar was formed east of the bridge by the mud, drift and other debris being caught in this piling. This sand bar, together with the bar which formed east of the south pier, left the main channel of the stream, at the time of the flood, something like one-half its original width.

During the year 1902 the plaintiff farmed on the Spencer place, in the bottoms along the river, east of the railroad embankment. He raised a crop of corn

of about sixty-seven acres, and after it was laid by in July, it was flooded by an overflow, which extended all up and down the Grand River from its source in Iowa to its mouth, covering the whole of the bottoms along the stream. Plaintiff's evidence tended to show that as the flood increased in the river, it began backing up at the bridge; and gradually went out of the banks, and flowing northward along the east side of the embankment, went over onto plaintiff's land and injured his corn crop, to the amount of a thousand dollars. The embankment held the surface water back on the side thereof, to a depth of four or five feet more than the water on the west side of the dump.

In the summer of 1903 plaintiff instituted a suit against the defendant in the circuit court of Daviess county, Missouri, for the recovery of one thousand dollars damages, he alleged he had sustained to his corn crop by this flood of 1902. The negligence alleged in that case was that this embankment had been built across the bottoms, and that the gaps which were originally left in it had been filled up, and also that the defendant did not keep the space under the bridge in the stream of sufficient width to allow the water passing down the channel of the stream to pass out under the bridge. The defendant appeared and defended said cause and a trial was had in September, 1903, in said circuit court, which resulted in a verdict and judgment for the defendant.

The plaintiff afterwards instituted the suit at bar for the recovery of the same damages to the said corn by the said flood of 1902, and alleged the negligence of the defendant to have been the building of the south pier partly in the stream, and leaving the stubs of the piling in the stream, so that the sand bars, above mentioned, were formed, and the width of the stream narrowed.

To this action the defendant pleaded several de-

fenses, but the one which it here especially relies upon and calls attention to is that of *res adjudicata.* The answer pleaded the former suit and the pleadings and judgment therein. This defense was, upon motion of the plaintiff, stricken out of the answer by the court, and the question to be here decided is whether or not the former suit was an adjudication of the cause of action sued on in this case, and a bar to this action.

The parties to the two actions were the same; the damage sought to be recovered and the injury was the same, and the object and purpose of the two suits were the same; the difference in the two actions being that in the suit at bar the plaintiff relies wholly upon the alleged negligence of defendant in leaving the obstructions in the stream under the bridge, whereas, in the former action, he relied upon the alleged negligence of the defendant in building the embankment across the bottoms, and in not leaving sufficient openings in it for the surface water to pass through, and also on the alleged negligence of the defendant in not providing and keeping the space under the bridge wide enough for the water to pass under the bridge in the channel of the stream.

There was a trial, which resulted in a verdict and judgment for plaintiff for $300, and the defendant appealed to this court, and the questions here are upon the lower court's rulings in striking out of the answer the defense of *res adjudicata;* and in refusing the defendant's demurrer to the evidence, and its instruction in the nature of a demurrer to the evidence."

*M. A. Low* and *Sebree, Conrad & Wendorff* for appellant.

(1) The court committed error in striking out of defendant's answer the plea of *res adjudicata.* Spratt v. Early, 199 Mo. 491; Donnell v. Wright, 147 Mo. 639; Bank v. Tracey, 141 Mo. 252; Hingston v. Montgomery,

121 Mo. App. 451; Paul v. Huling, 125 Mo. App. 474; Summit v. Realty Co. (Mo.), 106 S. W. 614; Columb v. Webster Mfg. Co., 43 L. R. A. 195, 84 Fed. 592; McCain v. L. & N. Co., 97 Ky. 804; Garland v. Smith, 164 Mo. 1. (2) The court committed error in overruling the defendant's demurrer to the evidence, and also in refusing to give defendant's instruction in the nature of a demurrer to the evidence, and in rendering judgment for plaintiff. (See above authorities.)

*Boyd Dudley* and *J. A. Selby* for respondents.

To make matters *res adjudicata* there must be a concurrence of four conditions: First.—Identity of the thing sued for. Second.—Identity of the cause of action. Third.—Identity of persons and parties to the action. Fourth.—Identity to the quality of the persons for or against whom the claim is made. State v. Hollingshead, 83 Mo. App. 682; Winham v. Kline, 77 Mo. App. 46; Garland v. Smith, 164 Mo. 22; Foundry Co. v. Goodwin Co., 100 Mo. App. 414; Russell v. Place, 94 U. S. 608; Stone Co. v. Wall, 108 Mo. App. 495; Mason v. Summers, 24 Mo. App. 182.

BROADDUS, P. J.—There are certain matters which appear on the face of the record proper which are sufficient for the purpose of determining the sole question in the case; viz., *res adjudicata.* The present action is for negligence in not keeping the bed of the stream unobstructed. The difference is a mere matter of detail, and all that is stated in the present suit was a matter properly for adjudication in the first case. The cause of negligence in both are the alleged acts of defendant in obstructing the flow of water that accumulated on the bottoms and in the stream itself.

The former judgment of the court is a bar to the present action. The law is that a former adjudication applies not only as to the question upon which the court

rendered judgment, but to every question which was a part of the subject matter in dispute, and which the parties might have litigated at the time.    Or as expressed in Donnell v. Wright, 147 Mo. 639:    "All the issues, which might have been raised and litigated in any case, are as completely barred by the final decree, as if they had been directly adjudicated in the verdict."    This court in Pond v. Huling, 125 Mo. App. 474, and Hingston v. Montgomery, 121 Mo. App. 451, in passing upon the question held likewise.    And so was the holding in Garland v. Smith, 164 Mo. 1.    In the latter case the court said:    "Where the purpose and object of the former action are the same with the late action, it is not to be questioned that the judgment concludes everything which might have been brought forward, although not in fact pleaded or in evidence, but when the subsequent action is upon a different claim, the former judgment only bars those things which were in issue or included in issue in the former action."

The plaintiff bases his argument upon the theory that his action is for a different claim and therefore the former judgment is not a bar.    But his argument assumes as a basis that which does not exist.    It was a part in the detail of his former action, and relates to things which properly could have been litigated in that action.    We do not think it can be successfully contradicted that the claim in suit could not have been properly litigated as it belonged to the subject of the litigation, and which the parties by reasonable diligence might have brought forward at the time.    [Summet v. City Realty & Brokerage Co., 208 Mo. 501, 106 S. W. 614; Hingston v. Montgomery, supra.]    The law as stated has been so held in this State in many previous decisions; viz., Railroad v. Levy, 17 Mo. App. 501; Hotel Association v. Parker, 58 Mo. 327; Greenabaum v. Elliott, 60 Mo. 25; Lyman v. Harvester Co., 68 Mo. 637; Hamilton v. McLean, 169 Mo. 51.

Upon the face of the record the judgment should have been for the defendant. Reversed. All concur.