# NORMAN'S LAND & MANUFACTURING COMPANY, Respondent, v. IDALIA REALTY & DEVELOPMENT COMPANY, Appellant.

St. Louis Court of Appeals. Opinion Filed November 3, 1920.

1. **JUDGMENTS: Include All Issues Whether Raised or Not: Res Adjudicata.** All the issues which might have been raised and litigated in any case are regarded as completely barred as if they had been directly adjudicated and included in the judgment; and it is not only to the points upon which the court was actually required by the parties to form an opinion and pronounce judgment that the doctrine of *res adjudicata* applies, but also to every point which properly belonged to the subject of litigation, and which the parties exercising reasonable diligence, might have brought forward at the time.

2. **MONEY HAD AND RECEIVED: Mistake: Judgments: Defenses not Made as Conclusive as if Made and Adjudicated: Action Barred.** Where a landlord in an action of ejectment procured judgment, which was affirmed upon appeal by the Supreme Court, and such judgment paid, a subsequent action by the tenant against the landlord, as for money had and received, which seeks to invoke the aid of the court to determine what part or amount of the verdict returned by a jury in such action of ejectment (which verdict included damages for rents and profits of a forty-acre tract of land on which were approximately thirty small buildings) was allowed as and for the item of damages for rents of the thirty odd houses, as distinguished from the rents and profits on the forty acres, on the ground that on the trial of the ejectment suit a mistake of law had been made resulting in his having failed therein to set up certain defenses, is untenable, inas-

much as the failure to make the defenses is as conclusive upon plaintiff as if made and adjudicated; and even though part of the judgment was not properly recoverable it should not be permitted to be recovered back so long as that judgment has not been reversed or set aside, to the purpose that there must be some end to litigation.

Appeal from Cape Girardeau Court of Common Pleas.— *Hon. John A. Snider*, Judge.

REVERSED.

*Oliver & Oliver* and *Wammack & Welborn* for appellant.

(1) Money paid under a judgment so long as that judgment has not been reversed or set aside cannot be recovered. Greenabaum et al. v. Elliott, Admr, 60 Mo. 25; Smith v. Sims, 77 Mo. 272; Ogden v. Railroad, 131 Mo. App. 336; Donnell v. Wright, 147 Mo. 647; Greer v. Major, 114 Mo. 157; Seaman v. Seaman, 181 S. W. 24; Ogden v. Ader, 184 S. W. 73; Pitts v. Fugate, etc., 41 Mo. 406; Atkison v. Henry, 80 Mo. 671; Cooper v. Duncan, 20 Mo. App. 359. (2) A judgment is the final determination of the rights of the parties in the action. R. S. 1909, sec. 2090; Bedford v. Sykes, 168 Mo. 14; Knight v. Cherry et al., 64 Mo. 515; Mullin v. Rieger, 169 Mo. 534; Greenbaum et al. v. Elliott Admr., 60 Mo. 31; Hope v. Blair, 105 Mo. 93. (3) By the doctrine of *res adjudicata* under the broad principles of the law those issues which are germane and should or might naturally have been tendered are precluded by the judgment once for all. Emmert v. Aldright, 231 Mo. 128; Lieber v. Lieber, 239 Mo. 36; McLure v. Bank, 263 Mo. 135; Spratt v. Early, 199 Mo. 491; Donnell v. Wright, 137 Mo. 647; Cantwell v. Johnson, 236 Mo. 603; Greenabaum et al. v. Elliott, etc., 60 Mo. 25; Ogden v. Railroad, 131 Mo. App. 335. (4) When a case is presented the whole case should be presented and, if not, it is nevertheless adjudicated the same as if it had been. Spratt v. Early, 199 Mo. 502; Lilly v. Menke, 143 Mo. 145.

*J. L. Fort* for respondent.

BECKER, J.—This is an action for money had and received, plaintiff prevailing below and defendant in due course brings this appeal.

There has been considerable litigation between the parties hereto. The Idalia Company is the owner of a forty acre tract of land which one Norman leased in 1899, and afterwards assigned to Norman's Land & Manufacturing Company, of which corporation said Norman, for the purposes of this case, may be considered as being the owner of practically all of its shares of stock. Norman erected a saw mill thereon, as well as a number of small frame buildings for occupancy by the employees of the mill. In 1904 a dispute arose between Hunter, president of the Idalia Company, and Norman, as to when Norman's tenancy would end under the lease agreement of 1899, resulting in a suit in ejectment wherein the Idalia Company was plaintiff and Norman defendant. This case was determined on appeal by our supreme court in an opinion to be found in 232 Mo. 663, 135 S. W. 47. The Idalia Company also sued Norman for rent and obtained judgment, which case was in due course appealed and is to be found in 184 Mo. App. 146, 168 S. W. 643. A second suit in ejectment was then instituted by the Idalia Company and determined in its favor in the circuit court and said judgment affirmed by our supreme court on appeal. [See Idalia Realty & Development Co. v. Norman, 259 Mo. 619, 168 S. W. 749.]

It is necessary to note that in the second ejectment proceeding it was ordered and adjudged by the court that the Idalia Company have judgment for the profits on the forty acres in question, "and for the sum of $700 damages sustained by the plaintiff for the detention of the said premises from the plaintiff by the defendant and *for the further sum of* $100 *for the monthly value of the rents and profits of the premises aforesaid from this date and until the possession of the said premises is restored and delivered to the plaintiff* . . . . . . . . . . . . . . ."

(Italics ours.) This judgment was entered on the 28th. day of March, 1912, and said judgment being affirmed on appeal on the 30th day of June, 1914, said Norman paid said judgment in full, amounting to the sum of $3987.01, exclusive of costs.

After the affirmance of the judgment in the said second ejectment suit by the supreme court, but before payment on the said judgment, Norman was informed that the ownership of the several houses which he had placed upon the forty acre tract was in fact in him, and a short time thereafter began removing the said houses from the said tract, whereupon the Idalia Company brought an injunction proceeding to restrain Norman from removing same, and the trial court refusing an injunction, on final hearing, the Idalia Company took the case to the Springfield Court of Appeals by writ of error, where the judgment of the trial court was sustained, resulting in an adjudication that "the said buildings, houses and fixtures were in truth and in fact the property of the said Norman and not the property of the Idalia Company." [See Idalia Realty & Developement Co. v. Norman, 183 S. W. 348.]

This brings us to the present litigation. The Norman Company filed this suit to recover of the defendant, Idalia Company, $3640 for and on account of rents and profits on the said houses which Norman had placed upon the said tract of land, said sum of $3640 being part of the aggregate judgment paid by him amounting to $3987.01, as for money had and received to the use of said Norman, alleging that the said Idalia Company should not have recovered in said judgment for the item of damages for rents and profits on said houses an amount exceeding $360; and further alleging that "the defense of the ownership of the said houses, buildings and fixtures on the part of Norman was not made in the said ejectment suit because of a mutual mistake of the law on the part of both plaintiffs and defendants in said suit; that if it had not been for said mistake, plaintiffs would have set up and pleaded ownership of said houses in said ejectment suit

and would in consequence thereof have reduced the recovery of damages for rent and profits in said suit, up to the time of the payment of the said judgment, to the sum of $360; that if it had not been for said mutual mistake of law defendants would not have sought the recovery in said ejectment suit of damages for said rents and profits on said houses, but only on said real estate, exclusive of said houses, and that defendants could not have recovered as damages rents and profits of said real estate exclusive of said houses up to the time of the payment thereof by said Norman on the 15th day of September, 1914, a sum in excess of $360.''

The petition further avers ''that on account of the mutual mistake of law aforesaid, plaintiffs have paid defendants the sum of $3640 for and on account of rents and profits on said houses, when in truth and in fact said houses were the property of plaintiffs and not the property of defendants or either of them.''

''Premises considered, plaintiffs pray judgment against defendants for $3640 as for money had and received by defendants for the use of plaintiffs, together with six per cent interest thereon from the 15th day of September, 1914, and for costs of suit.''

The Idalia Company in due course filed a demurrer alleging that said petition does not state facts sufficient to constitute a cause of action, which demurrer was overruled and defendants excepted. The Idalia Company thereupon filed its answer which included, among the several defenses, that the judgment of the circuit court in the said second ejectment suit ''is a complete former adjudication and a *res adjudicata* of all the issues set forth in plaintiff's petition, and of the right of the said Idalia Realty & Development Company to enforce the said judgment and to collect or receive the full amount of damages and the full value of the monthly rents and profits of the said premises as fixed and determined in said judgment, to-wit, of $100 per month, and defendants further allege that the said judgment in the said ejectment suit is a full and conclusive bar and estoppel to the

rights of the plaintiffs or either of them to recover any money paid to the defendants or either of them under or on account of said judgment or for the right and title of said defendant, Idalia Realty & Development Company, thereto.''

The reply contained a denial that the rights sought to be recovered in plaintiff's petition had ever been adjudicated or passed upon in any other court.

At the trial of the case and at the opening thereof counsel for the Idalia Company interposed an objection to the introduction of any testimony in the case ''becuase the petition does not state facts sufficient to constitute a cause of action; because the petition shows on its face that it was merely an effort to recover money that had been paid on a valid judgment of the circuit court of Stoddard county, Missouri, which has never been reversed or set aside; because the judgment is a complete bar and estoppel and a complete adjudication of any right that plaintiff might have or claim to recover in this action; we object to this offering for the further reason that it is an attempt to impeach or explain or to contradict by outside or other testimony this judgment of the circuit court of Stoddard county, Missouri, in the ejectment suit which is the same judgment set out in both plaintiff's petition and the answer of the defendant.''

This objection was overruled, and again at the close of plaintiff's case the defendant asked an instruction in the nature of a demurrer which was overruled. Thereupon counsel for defendant, before adducing any testimony, stated ''that in order to meet the testimony which has been introduced over objection and exceptions of the defendant, to impeach or contradict or annul the part of the judgment of the circuit court of Stoddard county on which this money was paid, the defendants without waiving their plea of *res adjudicata*, and that the money paid on the judgment cannot be recovered, and only for the purpose of meeting that testimony, offer testimony in support of that judgment.''

At the close of the whole case defendant again asked an instruction in the nature of a demurrer which was overruled. At the request of plaintiff the court thereupon gave the following declaration of law:.

"On behalf of plaintiffs, the court instructs the jury that defendant, Idalia Realty and Development Company, collected three thousand, six hundred and fifty-six dollars, as rental on the southeast quarter of the southeast quarter of section twelve, in township twenty-five, range eleven, in Stoddard county, Missouri, by virtue of the verdict of a jury in the ejectment suit, pleaded by defendants in their answer herein as a bar to this suit. Hence, if the jury shall find from the evidence in this cause that W. W. Norman, or Norman's Land and Manufacturing Company, paid said sum of three thousand, six hundred and fifty-six dollars to said Idalia Realty & Development Company, on or about the 15th day of September, 1914, and, shall further find that the jury in said ejectment suit, in awarding to said Idalia Realty & Development Company said sum of three thousand, six hundred and fifty-six dollars as the rental value of said real estate included the rental value of the houses then located on said real estate and awarded the rental value of said houses, as well as the rental value of said real estate, to said Idalia Realty & Development Company, and shall further find that said houses were built upon said real estate by said Norman, or by said Norman's Land and Manufacturing Company, and that said houses were the property of said Norman, or said Norman's Land and Manufacturing Company, and not the property of said Idalia Realty and Development Company then, and in that event, the verdict of the jury should be for the plaintiffs, and the jury should assess the damages of the plaintiffs at such part or portion of said sum of three thousand, six hundred and fifty-six dollars as the jury may believe from the evidence that the rental value, placed upon said houses by the jury in said ejectment suit, bore to the rental value placed upon both the said real estate and the said houses, by said jury, in said ejectment suit,

together with six per cent interest per annum on the amount you may find for the plaintiffs, if anything, from the 18th day of May, 1915, to the 1st day of December, 1917.''

Seven declarations of law asked for by defendants were refused and in due course the court rendered final judgment in said cause in favor of plaintiff, Norman Company and against defendant, Idalia Company, in the sum of $3391.01, and defendant, after unavailing motions for new trial and in arrest of judgment brings this appeal.

We will direct our attention to the question as to whether or not plaintiff's petition states facts sufficient to constitute a cause of action. After a careful consideration thereof we are of the opinion that it does not.

It clearly appears from plaintiff's petition that the Idalia Company in the second ejectment suit tried to the court and jury, obtained a verdict and judgment in its favor for possession of the forty acre tract together with damages in the sum of $700, and for monthly rents and profits in the sum of $100, and that this judgment was affirmed on appeal by our supreme court, (Idalia Realty & Development Company v. Norman, 259 Mo. 619, 168 S. W. 749) and that said judgment was eventually paid in full.

The sole ground alleged in the petition in the case at bar for sustaining the prayer for the recovery of the the rents and profits at $100 per month, is that there portion of the judgment so paid, which was made up of was a mutual mistake of law, a mistake on the part of the Idalia Company and the said Norman at the time of the trial of the ejectment suit in question that the houses upon the forty-acre tract, at the expiration of the lease, belonged to the Idalia Company, and that as a result of this mistake of law the said Norman did not make the defense of ownership of the houses in him, and did not raise the issue of whether plaintiff was entitled to monthly rents on the houses which had been

205 App.—31

erected upon the forty acre tract by him, the said Norman.

It is a trite doctrine that all the issues which might have been raised and litigated in any case shall be regarded as completely barred as if they had been directly adjudicated and included in the judgment. So that it is not only to the points upon which the court was actually required by the parties to form an opinion and pronounce judgment that the doctrine of *res adjudicata* applies, but also to every point which properly belonged to the subject of litigation and which the parties, exercising reasonable diligence, might have brought forward at the time. [Greenabaum v. Elliott, 60 Mo. 25; Donnell v. Wright, 147 Mo. 639, 49 S. W. 374; Spratt v. Early, 199 Mo. 491, 97 S. W. 925.] Were this not the rule a case could be tried piecemeal and "we would never reach the end of a law suit." [McLure v. Bank, 263 Mo. 128, 172 S. W. 336.] This rule is firmly settled not only in our own State but "we find it to be the pronounced doctrine wherever the common law prevails, to regard all the issues which might have been raised and determined in a given cause as completely barred as though they had been adjudicated and included in the verdict." City of St. Louis v. United Railways Co., 263 Mo. 387, l. c. 425, 174 S. W. 78, which case cites numerous authorities in foreign as well as other United States jurisdictions as being in full accord with this doctrine.

The petition sought to be recovered upon contains no allegation of fraud in the procurement of the judgment in the second ejectment suit, nor could the facts set up and relied upon be grounds for such an allegation. We have then a judgment of a circuit court, affirmed upon appeal by our Supreme Court, and such judgment paid, here sought to be nullified in part by endeavoring to recover in an action as or moneys had and received, a portion of the money paid in satisfying such judgment. We have searched the books for some precedent for the present action and have found none, nor have we been cited any.

While we readily subscribe to the growing tendency to widen the scope of the action for money had and received and to make the principles underlying such action as far reaching as possible, yet we cannot conceive of an action being tenable which seeks to invoke the aid of the court to determine what part or amount of a verdict returned by a jury in an action in ejectment (which verdict included damages for rents and profits of a forty acre tract of land on which were approximately thirty small frame buildings) was allowed as and for the item of damages for rents of the thirty odd houses, as distinguished from the rents and profits on the forty acres, and then having thus guessed what the amount might perhaps have been, to award the plaintiff a judgment for such sum because on the trial of the ejectment suit the defendant therein had made a mistake of law resulting in his having failed therein to set up as a part of his defense that he was the owner of the several houses upon the land, and thus enabled the owner of the land, upon a consideration of the question of the damages for rents and profits, to recover therein as an item, the value of the rents for the several houses upon said tract of land.

We are clearly of the opinion and so rule that the failure to make the defense is as conclusive upon plaintiff as if made and adjudicated. Plaintiff's mistake of law, unfortunate as it may be, cannot be ground for the relief sought herein, nor does it change the rule that plaintiff, in the ejectment suit, may also have been mistaken as to the law on this question of ownership of the houses. From plaintiff's petition herein it is clear that there was a bona-fide legal process under which the judgment in the ejectment suit was recovered, and even though part of the judgment was not properly recoverable, it should not be permitted to be recovered back so long as that judgment has not been reversed or set aside, to the purpose that there must be some end to litigation. [Greenabaum v. Elliott, supra; Ogden v. Railroad, 131 Mo. App. 331, l. c. 336, 111 S. W. 516; Greer v. Major, 114 Mo. 145, 21 S. W. 481; Sea-

man v. Seaman, 181 (Mo.) S. W. l. c. 24; Ogden v. Auer (Mo.), S. W. l. c. 77; Atkinson v. Henry, 80 Mo. l. c. 671; Hope v. Blair, 105 Mo. l. c. 93, 16 S. W. 595.]

It follows that the learned trial court erred in overruling defendant's demurrer to plaintiff's petition, and the judgment herein should be and is ordered reversed outright.

*Reynolds, P. J.,* and *Allen, J.,* concur.