Carolus v. Koch.

72    645
48a  349

72    645
97a   696

## CAROLUS, *Appellant*, v. KOCH.

**Equitable Relief against Judgment.** A judgment will not be enjoined for facts which existed at the time of its rendition, merely because the defendant was ignorant of them. It must appear that his ignorance was not due to any lack of diligence on his part, or that it was caused by the act of the opposite party.

*Appeal from Buchanan Circuit Court.*—HON. JOS. P. GRUBB, Judge.

AFFIRMED.

*Strong & Mosman* for appellant.

Plaintiff cannot be charged with a want of attention and care, in failing to discover the active fraud of defendants. He was bound to answer and put in every defense arising naturally out of the facts and circumstances attending the purchase of the goods. But he was not bound to suspect that the defendants, his wholesale dealers, were perpetrating a fraud on him. He was not bound to be ever on the alert, to catch the slightest indication of a dishonest purpose on their part. Our courts have yet to decide that success is so potent a disinfectant that it removes all taint of fraud, that commercial business transactions are to be carried on in a state of " armed neutrality," and each party is to view the other as a scoundrel who must be closely watched. The wholesale merchant as well as the criminal at the bar is presumed to be innocent until he has been proved guilty, and retail dealers have a right to deal with them on the faith of that presumption. Plaintiff had a right to believe that defendants had honestly stated their

account—to accept and act upon their statement of the account when it was concurred in by the man who for him had transacted the business with defendants. It does not lie in the defendants' mouths to charge plaintiff with negligence and want of care in failing to suspect them and his agent of rascality. *Bresnehan v. Price,* 57 Mo. 422; *Damschroeder v. Thias,* 51 Mo. 100; *Davis v. Staples,* 45 Mo. 567; *Sauer v. Kansas City,* 69 Mo. 46; *Ritter v. Democratic Press Co.,* 68 Mo. 458; *Matson v. Field,* 10 Mo. 100; *Reed v. Hansard,* 37 Mo. 199; *Perry v. Siter,* 37 Mo. 273.

*Judson & Motter* for respondents, cited *Reed v. Hansard,* 37 Mo. 203; *Marine Ins. Co. v. Hodgson,* 7 Cranch 337; *Taliaferro v. Branch Bank,* 23 Ala. 755; *McGrew v. Tombeckbee Bank,* 5 Porter (Ala.) 547; *Powers v. Butler,* 3 Green Ch. (4 N. J. Eq.) 465; *Miller v. Gaskins,* Sm. & Mar. Ch. 524; *Smith v. Lowry,* 1 John. Ch. 321; *Marriot v. Hampton,* 7 T. R. 269; *Ritter v. Democratic Press Co.,* 68 Mo. 459; *Crim v. Handley,* 94 U. S. 658; Story Eq. Jur.; (12 Ed.) §§ 894, 895, 1572.

NORTON, J.—This is a suit brought in the circuit court of Buchanan county to enjoin defendant Sullivan from levying an execution upon the property of plaintiff to satisfy a judgment rendered against plaintiff by a justice of the peace in favor of defendants Koch, Chew & West. In the circuit court defendants objected to the introduction of any evidence on the ground that the petition did not state a cause of action. This objection was sustained, and judgment rendered for the defendants, and the only question presented for our determination is as to the sufficiency of the petition. The petition, after setting out a state of facts which would have constituted a complete and perfect defense in the suit before the justice of the peace, which resulted in the judgment on which the execution sought to be enjoined was issued, alleges that "said facts first came to his knowledge since the rendition of the judg-

ment and since the time allowed by law for an appeal."
In cases where, after judgment, defendant therein invokes
the restraining powers of a court of chancery in matters
which would have afforded a good defense at law, he must
show by his bill that his failure to discover and avail him-
self of such defense is not attributable to any negligence
or want of diligence on his part, but to fraud, accident or
act of the opposite party. The mere allegation that he
was ignorant of the facts constituting a defense, is not suf-
ficient. *Taliaferro v. Branch Bank*, 23 Ala. 755. "When
the facts existed before the trial at law, upon which relief
in equity is claimed, and were known to the party suing
in equity, or might have been known or discovered by the
exercise of diligence, and were as much a defense at law
as in equity, no redress can ordinarily be obtained." Story
Eq., § 1572. "Relief will·not be granted by staying pro-
ceedings at law after a verdict, if the party applying has been
guilty of laches as to the matter of .defense, or might have
procured the requisite proof, before the trial, by reasonable
diligence. Story Eq., § 895. So in the case of *Ritter v.
Democratic Press Co.*, 68 Mo. 458, the observations of Chan-
cellor Kent in the case of *Duncan v. Lyon*, 3 John. Ch.
365, were approvingly quoted, where it is said: "It is a
settled principle that a party will not be aided after a trial
at law unless he can impeach the justice of the verdict on
grounds of which he could not have availed himself, or
was prevented by fraud or accident, or the act of the oppo-
site party, unmixed with negligence or fault on his part."

The petition of plaintiff, tested by these principles, is
insufficient. The judgment sought to be enjoined was
obtained upon an accounting and settlement made by the
agent of plaintiff with defendants Koch, Chew & West,
whereby a balance of $191.57 in favor of said Koch, Chew
& West was found. This accounting is alleged to have
been false and fraudulent. When suit was brought upon
it before the justice, plaintiff was necessarily notified of
the character of the demand, and common prudence and

diligence required him to inquire of his own agent, by whom the settlement was made, as to its correctness and the basis on which it was made. It is not averred in the petition either that such inquiry was made, or that any other step was taken by plaintiff to inform himself of the true state of the account, or that he was prevented from doing so by the acts of defendant or from any other cause; nor is it averred that the books of account or bills of goods showing the transactions out of which the settlement grew were lost or destroyed, or not accessible to plaintiff when the cause was triable before the justice, the only allegation being that such books and bills of goods "are lost and destroyed," which relates to the time of filing the bill, and not to the time when the cause was heard before the justice of the peace. It does not appear from any allegations in the petition that the facts therein set up as a ground for equitable interference were not accessible to plaintiff before the trial had in the justice's court. Judgment affirmed. All concur.