WILLIAM MALLORY, Respondent, v. R. C. PATTERSON, Appellant.

Kansas City Court of Appeals, November 3, 1913.

1. **JUDGMENTS: Equity: Res Adjudicata.** Where the issues sought to be raised as a defense to a suit brought in this State on a judgment rendered and revived in another State, were raised and litigated between the same parties in an equity suit brought to subject defendant's property to such judgment, the adjudication of such issues in the equity suit is conclusive, not only as to the matters of defense pleaded in such equity suit, but also as to every matter properly belonging to the subject in litigation and which defendant might, by exercising reasonable diligence, have brought forward at the time. And such issues cannot be again raised as a defense to a suit on the former judgment. They have become *res adjudicata.*

2. ———: ———: **Failure to Make Defense.** When one fails to make all the defenses he is called upon by the nature of the proceedings to make, such failure is as effective in a subsequent suit to prevent him from insisting upon them as if they had in the former suit been pleaded and been adjudged adversely to him.

3. ———: ———: **Judgment of Revivor.** An adjudication of revivor is *res adjudicata* as to all matters which were or might have beene set up in the proceedings to revive.

4. ———: ———: **Power of Equity.** If a defense exists at the time judgment is rendered, and could with reasonable diligence have been set up at that time, then even equity will not interfere to destroy the judgment.

Appeal from Jackson Circuit Court.—*Hon. Thos. J. Seehorn,* Judge.

AFFIRMED.

*McCune, Harding, Brown & Murphy* for appellant.

*J. P. Fontron* and *H. P. Leavitt* for respondent.

TRIMBLE, J.—Plaintiff sued the defendant upon a judgment obtained by the former against the latter in the district court of Douglass county, Nebraska, November 7, 1902. The answer denied the allegations of the petition, alleged a payment of the judgment sued on, and also set up certain things as matters of equitable defense. As there was no evidence on the part of defendant to controvert the allegations of the petition or to show that the judgment sued on was paid, the only question is as to the availability or nonavailability at this time of the things alleged in the answer as matters of equitable defense. The trial court held that these matters, having been once adjudicated in a suit between the same parties in Nebraska, are no longer available as defense to this suit on the Mallory judgment, but are *res adjudicata.* A proper understanding of such ruling requires a statement of the facts underlying the judgment sued on and the defense sought to be interposed.

Sometime in 1887 Mallory was induced by Patterson to buy certain property in Omaha and to give a mortgage thereon for the unpaid purchase money. He did so thinking he was signing notes and giving a mortgage for $2800, but through the fraud and deceit of Patterson the notes were for $3500 and $350 and secured by mortgage aggregating $3850, which fraud was not discovered by Mallory until some time afterward. By reason of which fraud Mallory not only lost the property he had bought but also all that he had paid thereon. Upon discovery of the fraud, he brought suit in the district court of Douglass county, Nebraska, against Patterson, who by this time had indorsed the $3500 note before maturity to an innocent purchaser for value without notice. Patterson appeared and answered, and a trial was had resulting in a judgment in favor of Mallory and against Patterson for $3300, rendered October 29, 1892.

During the pendency of this suit between Mallory and Patterson, the owner and holder of the note which had been indorsed by Patterson began foreclosure proceedings on the mortgage securing it, and in this suit a judgment was rendered for the full face of the note and interest and the mortgaged property was ordered sold. This was done and the proceeds were applied upon the foreclosure judgment, and the court on December 20, 1893, rendered a deficiency judgment against Mallory and Patterson for $2519.87. On May 1, 1894, Patterson paid the holder of this judgment the amount thereof, but, instead of having it released, had an assignment of the judgment made to his wife, M. B. Patterson. He says he did this so Mallory could not contend the judgment had been paid.

On April 27, 1896, Mallory brought a suit in the district court of Douglass county, Nebraska, in the nature of a creditor's bill, seeking to have certain deeds which Patterson had made to his wife set aside as being in fraud of creditors, and asking that the property be sold and the proceeds applied toward the payment of the judgment held by Mallory. To this Patterson appeared and filed an answer *in which he set up the deficiency judgment* in foreclosure heretofore referred to, *and asked that it be offset against Mallory's judgment.* At this time he was still the holder of the $350 note above mentioned and could have pleaded that Mallory had not paid it, and could have asked to have the amount due Mallory credited with the amount of said note. Upon the issues raised a trial was had, and the court found that the deficiency judgment rendered against Mallory and Patterson had been paid by Patterson, that the same was discharged and did not constitute a set-off and was not a claim against Mallory. The court also found that the deed from Patterson to his wife was without consideration and was made to hinder and defraud his creditors,

and thereupon set the deed aside and ordered the property sold and the proceeds applied on the Mallory judgment. This was done, and the Mallory judgment was credited with the sum of $2480.74. This still left an unpaid balance on the Mallory judgment. And on July 14, 1902, just before it would have been outlawed Mallory brought a suit to revive same in the district court of Douglass county, Nebraska. Patterson appeared and *filed answer asking that it be not revived for the reason that it was procured by fraud.* On July 24, 1902, the court heard the case and revived the judgment against Patterson for $2964.03. It is upon this judgment that Mallory now sues.

Patterson's defense is that, as the original judgment obtained by Mallory included the sum of $700 (by which amount the $3500 note he was fraudulently induced to sign exceeded the $2800 he really owed), which sum of $700 Mallory has never paid and never will have to pay, therefore, said sum of $700 with interest from August 10, 1888, should be credited on said judgment now held by Mallory; that said original judgment in Mallory favor also included the $350 note he was fraudulently induced to sign, and that as he has never paid, and will not now have to pay, said note, therefore, it, with interest from September 19, 1892, should be credited on said judgment now held by Mallory; and that the deficiency judgment rendered against Mallory and Patterson in the foreclosure of the mortgage given by Mallory, which deficiency judgment was assigned to Patterson's wife, should be enforced against Mallory and offset against any judgment held by him.

To this defense Mallory replied setting up the fact that in the suit in the nature of a creditor's bill brought by Mallory against Patterson and his wife, herein above referred to, the identical matters as to the deficiency judgment were set up by them and litigated and were decided adversely to them, the court

finding that said deficiency judgment had been paid
and that it was not a valid claim against Mallory.
This deficiency judgment covered the $700 contended
for by Patterson. The reply also stated that as to the
$350 note, all facts relating thereto were known to
defendant prior to the rendition of the judgment sued
on, and that by said judgment all such matters or
claims, if any, were fully adjudicated against defend-
ant. As heretofore stated, the trial court held that
they were *res adjudicata,* and rendered judgment for
the full amount of the balance due on the judgment
sued on. The defendant Patterson has appealed.

It will be observed that the issues sought to be
raised now by Patterson as to the $700 and the de-
ficiency judgment (which are really one and the same,
since the deficiency judgment includes the $700), are
the same issues raised and litigated by him in defend-
ing the creditor's bill brought by Mallory in Nebraska;
and that all the issues now sought to be raised by
him, as to fraud in obtaining the original judgment,
were raised by him and litigated in the suit in Ne-
braska to revive the former judgment. And that while
Patterson did not say anything then about the $350
note, yet, as it was in his possession and he knew all
the alleged facts in reference thereto, it was within
the issues involved between the parties, and he could
have pleaded it as a defense. And having failed to
do so, the judgment rendered against him is conclusive
not only as to the matters of defense pleaded but also
as to every matter properly belonging to the subject
in litigation, and which he might, by exercising rea-
sonable diligence, have brought forward at the time.
[Donnell v. Wright, 147 Mo. 639; Spratt v. Early, 199
Mo. 491, l. c. 501.]

As to the $350 note, defendant could have returned
or offered to cancel it when he was first sued by Mal-
lory. He had it then and has always had it, and so

174 Mo. App.—39

stated in his testimony. Having failed to set it up
then as a defense, it has become an adjudicated mat-
ter. If it was not adjudicated then, it could have been
set up as a defense to the creditor's bill suit brought
by Mallory, and being available as a defense thereto,
was then adjudicated if it was not before. Again,
when Mallory brought suit in Nebraska to revive the
judgment he had obtained, all the matters relied upon
here could have been raised then, and were in fact
raised since the defense was made that the original
judgment had been obtained by fraud, and the fraud
alleged was that Mallory had secured the judgment by
falsely making the court believe he would have to pay
the full $3850 of the notes he had been induced to
sign, when as a matter of fact he did not pay them and
would never have to pay them. This is precisely the
basis on which rests the defense now sought to be
raised. So that the judgments rendered in Mallory's
favor necessarily negative the facts on which Patter-
son would have to rely in order to succeed in estab-
lishing his defense. For this reason the $350 note is
not available as a defense here on the ground that it
was an independent claim against plaintiff and, if
omitted to be set up in one case, could be used as such
in another.

The creditor's bill brought by Mallory resulted in
a decree in equity in his favor, and was conclusive of
all defenses available to defendant whether they were
presented and litigated or not. [23 Cyc. 1200.] When
one fails to make all the defenses he is called upon by
the nature of the proceedings to make, such failure is
as effective in a subsequent suit to prevent him from
insisting upon them as if they had in the former suit
been pleaded and been adjudged adversely to him.
[O'Day v. Meadows, 194 Mo. 588, 1. c. 628.] A de-
fendant having pleaded a demand as a set-off or coun-
terclaim to an action brought against him is prevented
by the judgment from afterward using the same mat-

ter or any part of it as a defense or counterclaim in any subsequent action between them; and if a judgment is found against defendant in his plea of set-off, it finally disposes of the matters so pleaded for the purposes of all future actions between the same parties. [23 Cyc. 1201.] Where a matter, even though not properly pleadable as a set-off, has been nevertheless pleaded as such and no objection thereto was made by the adversary, the adjudication thereon is final. [Thompson v. Wineland, 11 Mo. 243.]

An adjudication of revivor is *res adjudicata* as to all matters which were or might have been set up in the proceedings to revive. [Witherspoon v. Twitty, 43 S. Car. 348; Babb v. Sullivan, 43 S. Car. 436; Greer v. Major, 114 Mo. 145.] If a defense exists at the time judgment was rendered and could with reasonable diligence have been set up at that time, then even equity will not interfere to stay or destroy the judgment. [Carolus v. Koch, 72 Mo. 645.]

Defendant cites us to Loy v. Alston, 172 Fed. 90, but the case is not in point. There, a judgment obtained by one was set off against a judgment obtained by another where the one seeking to enforce his judgment was insolvent. But in that case both judgments were alive and subsisting. There was no question of *res adjudicata* in the case. In the case before us there is a prior adjudication of the matters between the parties in which the deficiency judgment set up by defendant was not set aside by the Nebraska court, but was found to be no longer a valid claim against Mallory, having been paid and discharged.

The case of Lashmet v. Prall, 83 Neb. 732, is cited in support of the view that defendant's deficiency judgment was not available as a defense in Mallory's Nebraska suit to revive, and the claim is made that for this reason the judgment in that revivor suit is not *res adjudicata* now. We do not think this case is in point because the defendant therein did not plead

any demand as a set-off or counterclaim to the creditor's bill and hence the judgment of the court therein was not *res adjudicata*. Besides, as pointed out above, in addition to pleading the deficiency judgment to the creditor's bill and receiving an adverse judgment thereon, the defendant in the revivor suit set up fraud in procuring the original judgment, and the fraud alleged was that Mallory had obtained the judgment on the false assumption and promise that he would pay the full face of the notes but did not, and knew that he could not, which is precisely the reasons relied upon by defendant now. Which only goes to show that the issues attempted to be revived now are precisely the same as were raised before and adjudicated adversely to defendant.

The case of Quick v. Lemon, 105 Ill. 578, is also cited in defendant's behalf. It is not deemed applicable to the facts in this case. There it was decided that a set-off to a judgment which might have been pleaded as a defense in the proceeding resulting in the judgment, but which was not set up or pleaded, was not adjudicated, but could be raised in a subsequent suit brought by the judgment creditor against stockholders of the debtor corporation to enforce the judgment against them on their unpaid stock subscriptions. The court held that, in the original suit, the defendant corporation was not bound to plead its set-off, and as it did not, it could do so when the judgment creditor, by a suit in equity, attempted to enforce the collection of his judgment against its stockholders, and at that time, the corporation's claim became a proper subject of set-off if there was equitable ground for relief. But, in the case at bar, the defendant not only pleaded his alleged set-off and defense in the creditor's bill, but also again raised practically the same issue in a different form, namely, by pleading fraud in the procurement of the original judgment when sued in the revivor suit.

Other cases are cited but they do not cover or affect the case presented. When defendant appeared and answered to the plaintiff's suit in equity on his creditor's bill, the alleged claims of defendant were properly within the issues involved between the parties, and were raised by him, or could have been raised, and the judgment therein rendered became conclusive. To allow him now in this case to set up the defenses he is here seeking to make is to allow him to again litigate not only the questions and issues litigated in the creditor's bill, but also to again attack the judgment rendered in Mallory's favor upon precisely the same grounds it was attacked in the suit to revive. Defendant contends with much earnestness that it is a great injustice to him not to allow him to again raise these defenses. We cannot tell whether an injustice has been done him or not since we do not know how much loss plaintiff suffered by reason of defendant's original fraud for which plaintiff's original judgment was rendered. But if an injustice has been done defendant it was in the Nebraska litigation and not here. The defenses he seeks here to raise are not merely off-sets or counterclaims against Mallory's judgment, they go directly to the heart of that judgment and seek to destroy it. But, whether they be considered as off-sets and counterclaims or as attacks upon the honesty and validity of the judgment, they have been heretofore adjudicated, and are no longer available to prevent recovery in a suit upon that judgment. The judgment of the learned trial court is affirmed. All concur