MARY POLLACK, Plaintiff, v. PHILLIP POLLACK, JOSEPH POLLACK et al., Defendants.
JOSEPH POLLACK, Appellant, v. ARTHUR T. FRANKEL, Trustee in Bankruptcy of the Estate of JOSEPH POLLACK, a Bankrupt, (Intervener), Respondent.

St. Louis Court of Appeals.   Opinion Filed March 6, 1923.

1. **JUDGMENTS: Bankruptcy: Fraud in Schedule of Bankrupt: Trustee in Bankruptcy Intervener in State Court: Judgment of Federal Court: Res Adjudicata.** A judgment of a Federal court in a bankruptcy proceeding, adjudging that a bankrupt had fraudulently concealed the existence of his interests in a trust fund from his creditors and his trustee in bankruptcy for the purpose of preventing the trust fund from being administered by his trustee under said bankruptcy, etc., and leaving the State courts to determine the exact nature and extent of the interest held by the bankrupt in such fund, *held* in a subsequent proceeding in the State court in which the trustee in bankruptcy intervened, that the defenses raised by the bankrupt that the claims of the intervener were barred by the Statute of Limitations and by laches and that he had not fraudulently concealed or omitted to schedule any interest in said trust fund, are defenses which were or which might have

Pollack v. Pollack.

been submitted to the Federal court for consideration on the issues of the case in which the judgment was rendered and are concluded by said judgment and are *res adjudicata* as to the parties hereto and their privies.

2. **REMAINDERS:** Trust Fund: Life Interest in Income, etc. for Support: Vested Remainder. A decree providing that the annual income and increase of a trust fund was to be used for the support of a named person for the period of her natural life, and the capital of same, remaining after her death, to be distributed to her children, therein named, in equal shares and in full title discharge of said trust, *held* that the estate decreed to the remainderman is not limited either to a dubious and uncertain person or upon the happening of a dubious and uncertain event, but is a present vested right to take possession and enjoy the estate immediately upon the death of the life tenant; nor does the fact that the trustee was authorized, in the event the income of said trust fund was insufficient to support the named person, to take from and pay over to her such sum from the principal fund as might be necessary to supply such deficiency make the said estate contingent.

Appeal from the Circuit Court of the City of St. Louis.— *Hon. Frank Landwehr*, Judge.

AFFIRMED.

*Clarence T. Case* and *David W. Voyles* for appellant.

*Charles B. Selby*, of Counsel.

(1) The testimony of George W. Henderson, showing the circumstances under which he became informed while trustee in bankruptcy of the alleged interest of Joseph Pollack in said trust fund was competent, material and relevant, upon the defense of laches and to show renunciation. (2) The testimony of Messrs. Byron F. Babbitt and the appellant was admissible on the same ground and in corroboration of the testimony of George W. Henderson. (3) The judgment and decree herein is not responsive to the issues, as said judgment not only makes no finding on the question of laches but fails to find that at the date he was adjudged a bankrupt, said Joseph

Pollack had any interest in remainder in the trust fund. (4) The expectancy which Joseph Pollack had in said trust fund could not have been levied upon, sold or by any means validly transferred prior to his adjudication as a bankrupt, and, therefore, did not pass to his trustee under the provision of section 70 of the Bankrupt Act. (5) The judgment rendered in the Federal courts in the proceedings to reopen Joseph Pollack's estate in bankruptcy is not *res adjudicata* on the trustee's claim to recover the property. That question can be concluded only by the decision of the courts of this State, since the property was located in Missouri and under the jurisdiction of its courts when Pollack was adjudged a bankrupt. Nichols v. Levy, 5 Wallace 433; Nichols v. Eden, 91 U. S. 716; Pollock v. Meyer Bros., 223 Fed. Rep. 861. Neither is said decision *res adjudicata* on the question of laches, as the decision in said proceedings involves only the right of the creditors to reopen the estate and does not amount to a finding that the bankrupt is guilty of fraud. Pollock v. Meyer Bros., supra. (6) The creditors of an estate in bankruptcy are represented by their trustee, whom they elect. It has been expressly decided that such trustee is not bound to accept onerous or unprofitable property; has a reasonable time in which to elect; and if he declines to take the property the bankrupt can assert title thereto. First National Bank v. Lasater, 196 U. S. 115. (7) Under the laws of this State, the trust created and in effect when the bankrupt was adjudged a bankrupt, was an active trust, concerning personal property only. In such property said bankrupt had a mere contingent interest, which might never become a vested interest in the estate. Dwyer v. St. Louis Union Trust Co., 286 Mo. 481; Eckle v. Ryland, 256 Mo. 424; Dickerson v. Dickerson, 211 Mo. 483; DeLassus v. Gatewood, 71 Mo. 371; Woodson v. Carson, 135 Mo. 527. Where there is no absolute equitable interest vested in the *cestui que trust*, neither his assigns nor creditors in insolvency can acquire any interest therein. I Perry on Trusts, (6 Ed.), sec. 386a. While the statutes subject equitable in-

terests to execution there is no process which makes equitable rights in personal estate vendible under execution. R. S. 1919, sec. 1623; Boyce v. Smith, 16 Mo. 317; Burge ex rel. v. Hunter, 93 Mo. App. 639; Knox v. Hunt, 18 Mo. 243; Woodson v. Carson, 135 Mo. 521; Yeldell v. Stemmons, 15 Mo. 443; Young v. Schofeld, 132 Mo. 650; 17 Cyc., p. 957; State v. Nolte, 203 S. W. 959.

*Karl M. Vetsburg* and *Anthony F. Ittner* for respondent.

(1)   The only question for decision is the nature of the trust established and confirmed by decree of the circuit court dated March 6, 1899. The State courts have no other jurisdiction on this intervening petition; and all other matters were concluded by the proceedings in the Federal courts, and are res adjudicata. Williams v. Hayti, 184 S. W. 473; Donnell v. Wright, 147 Mo. 646-7; Seaman v. Seaman, 181 S. W. 22; Ogden v. Auer, 184 S. W. 72; 24 A. & E. Enc. (2 Ed.), p. 766, par. 2, and note; Berry v. Milling Co., 240 S. W. 829.   (2)   All the testimony offered by defendant at the hearing was incompetent, immaterial and irrelevant, as all matters relating thereto were *res adjudicata,* and not within the jurisdiction of the State courts. Same cases as cited in Point 1; Smith v. Smith, 188 S. W. 1111; State ex rel. v. Robertson, 187 S. W. 34; Downing v. Railway, 70 Mo. App. 657; Summet v. City, 208 Mo. 510, 511, 512; Overshiner v. Britton, 169 Mo. 341; 24 A. & E. Enc. of Law, pp. 724-725. (3)   A waiver or disclaimer by a trustee in bankruptcy is valid only when made on the order of the referee in bankruptcy, and when based on a valuable consideration. Smith v. Wahl, 97 Atl. 261, and cases cited; In re Cutler & John, 228 Fed. 775; Collier on Bankruptcy (11 Ed.), p. 1163 (3); In re Newton, 18 A. B. R. 567.   (4)   Section 11-d of the Bankruptcy Act, providing that no suit shall be filed by or against a trustee in bankruptcy more than two years after the closing of the estate does not apply to an estate which has been reopened, or to a petition to reopen. Traub v. Marshall, 25 A. B. R. 410; Matter of

Paine, 11 A. B. R. 351; Duncan v. Watson, 38 A. B. R. 613; Pollack v. Meyer, 147 C. C. A. 535. (5) Sections 1888 and 1889, R. S. 1909 (R. S. 1919, sections 1316-1317), do not apply because this is not a suit on the claims allowed in bankruptcy, but a proceeding by a trustee in bankruptcy, appointed in 1916, to compel the transfer to him of assets of the bankrupt, for administration in bankruptcy. (6) Statutes of Limitation do not run against claims based on fraud. Dillon v. Bates, 39 Mo. 292; State ex rel. v. Hawkins, 103 Mo. App. 251; Bank v. Thayer, 184 Mo. 61; Bent v. Priest, 86 Mo. 475; Huff v. Milner, 92 Mo. App. 620. (7) Defendant Joseph Pollack left the State of Missouri in 1908; has since been a resident of Oklahoma; and the running of the Statutes of Limitation has, therefore, been tolled under section 1897, R. S. 1909 (R. S. 1919, section 1326). R. S. 1909, section 1897; McMurray v. McMurray, 180 Mo. 526; Sauter v. Leveridge, 103 Mo. 615; Laughlin v. Laughlin, 237 S. W. 1028; Stoff v. Schuetze, 240 S. W. 144, 145. (8) Neither the intervener nor the creditors of bankrupt have been guilty of laches, as laches cannot be imputed to one who has no knowledge of his rights. Napton v. Leaton, 71 Mo. 358; Smith v. Hutchinson, 61 Mo. 83; Howell v. Jump, 140 Mo. 441; Matter of Paine, 11 A. B. R. 351; Stoff v. Schuetze, 240 S. W. 144, 145. (9) The interest of Joseph Pollack in the said trust fund, as established and confirmed by the decree of March 6, 1899, was a vested remainder and as such passed to his trustee in bankruptcy. Collier's Will, 40 Mo. 287; Tindall v. Tindall, 167 Mo. 225; Rodney v. Landau, 104 Mo. 257-8; Deacon v. Trust Co., 197 S. W. 261; Buxton v. Kroeger, 219 Mo. 224; William v. Lobban, 206 Mo. 415; Gates v. Seibert, 157 Mo. 271; 1 Preston on Estates, p. 74; Fearne on Remainders, 216; In re Dorgan's Estate, 237 Fed. 507; In re Arden, 188 Fed. 475. (10) The word "heirs" is not used in that portion of the decree by which the rights of the remaindermen are declared and established, but only in that part relating to distribution. Moreover, it is a word of limitation, not one of purchase. Garrett

v. Wiltse, 252 Mo. 699; Roberts v. Crume, 173 Mo. 579. (11) Even though the remainder be considered as contingent, it was certain as to the parties who were to take, and such contingent remainders pass to a trustee in bankruptcy. In re Twaddell, 6 A. B. R. 539; Bank v. Billings, 144 N. Y. App. Div. 540. (12) Even if held contingent, the law of this State is that contingent remainders are alienable, and bankrupt's interest passed to his trustee under section 70 of the Bankruptcy Act. Deacon v. Trust Co., 197 S. W. 261; Summet v. Realty Co., 208 Mo. 514; Godman v. Simmons, 113 Mo. 122; Clark v. Sires, 193 Mo. 502; Finley v. Babb, 173 Mo. 263; Martin v. Maxwell, 67 S. E. 962; Cornell v. Insurance Co., 179 Mo. App. 430, 431; Schee v. Boone, 243 S. W. 885; Sherley v. Sherley, 232 S. W. 53; Clowe v. Seavy, 208 N. Y. 496. (13) A partial assignment is invalid unless assented to by the debtor. 5 C. J., pp. 894-5-6, sec. 60; St. Louis v. Noonan, 88 Mo. 372.

BRUERE, C.—This appeal is from an order of the circuit court of the city of St. Louis, made in a proceeding in equity pending in said court, upon the intervening petition of the respondent, trustee in bankruptcy of the appellant Joseph Pollack, directing that certain trust funds, then in the hands of the clerk of said court, be paid to said trustee.

The facts in the case, so far as they are pertinent here, summarized from the agreed statement of the facts, are these:

It appears that Mary Pollack instituted the main proceeding against Joseph Pollack et al., by filing a petion in the circuit court of the city of St. Louis in which she averred that certain personal property, of the value of eighteen thousand dollars, was deposited in the vaults of the St. Louis Safe Deposit and Savings Bank in the city of St. Louis, in the names of Joseph Pollack, Phillip Pollack, Samuel Winter and Henry Pollack, as trustees for her, and as renters of said safe. Said petition further averred that said trustees had conspired together for the

purpose of hindering and preventing the plaintiff from obtaining the possession and use of said property, and concluded with a prayer for a termination of said trust and for possession of said property as her absolute property. In this proceeding, issues were joined and a decree was entered on March 6, 1899, which contained, among other matters, the following:

"And the court having fully considered the evidence, doth find, that the ten bonds of one thousand dollars each, with coupons attached, issued by the city of Greenville, Texas, and the cashier's check issued by the St. Louis National Bank, dated December 7, 1896, for the sum of eight thousand dollars, payable on demand to the order of Phillip Pollack, and by him endorsed in blank, mentioned in the pleadings, together constitute the capital of a trust fund, which was on the 1st of June, 1891, set aside and appointed by the defendant, Phillip Pollack, upon the following express trusts: The entire annual income and increase of said trust fund was appointed and appropriated by said Phillip Pollack to the use and for the support of his mother, the plaintiff, Mary Pollack, for the term and period of her natural life; the capital of said trust fund remaining at the death of said Mary Pollack, was appointed and appropriated by said Phillip Pollack to be divided and distributed to Harrietta Freefield, Lilly Drukker, Hannah Goodman, Lotta Hart, Martin Pollack, Phillip Pollack, Henry Pollack, Charles Pollack and Joseph Pollack, the children of said Mary Pollack, in equal shares and in full title discharge of said trust. And the court doth further find that said trust was upon the further condition, that the said Mary Pollack should receive a reasonable and comfortable support from said fund and that if the necessity should arise and the income at any time prove to be insufficient, that then resort might be had to the capital of said trust fund to supply such deficiency. That said trust fund was at the commencement of this suit and is now deposited in a safe-deposit box in the vault of the defendant, the St. Louis Safe Deposit and Savings Bank, in the names of

defendants, Phillip Pollack, Samuel Winter, Henry Pollack and Joseph Pollack, as trustees for plaintiff, and custodians of said box, and its contents.''

''The court further finds from the evidence that the plaintiff, Mary Pollack, has failed in establishing the right and title claimed by her, to the possession of said fund as her absolute property, and that she is not entitled to the relief prayed for in her amended petition.''

''It is therefore ordered, adjudged and decreed by the court that said trust in said capital fund of eighteen thousands dollars and the income thereof, be established and confirmed, for the uses, to the persons, and upon the terms hereinabove found and declared. That the defendants Phillip Pollack, Samuel Winter, Henry Pollack and Joseph Pollack be discharged and removed from their office as trustees of said fund and shall recover nothing for their services as trustees. That the St. Louis Trust Company be and is hereby appointed sole trustee of said trust, to take possession of and hold said trust under the direction of this court, and to preserve, manage invest, reinvest, collect, account for and pay over the income and principal thereof at the times to the persons and in the proportions and provided for in this decree.''

''That said St. Louis Trust Company as trustee shall take into its possession and hold the ten bonds for one thousand dollars each, with coupons attached, issued by the city of Greenville, Texas, together with said cashier's check for eight thousand dollars, as the principal of said trust fund; that said trustee shall collect and invest and keep invested said sum of eight thousand dollars upon good security, and shall collect and pay over to the plaintiff, Mary Pollack, taking her receipt therefor, the entire net income from said bonds and money, in monthly installments of not less than seventy-five dollars each, payable on the first day of each calendar month, as long as she shall live. If at any time the net income from said trust fund shall be insufficient to pay said monthly payments as they fall due, then said trustee may take from and pay over to said Mary Pollack such sum from the

principal fund as may be necessary to make up the deficiency of income.''

''The court reserves the right upon motion in this cause of the plaintiff or of the trustee from time to time to order the payment of such further sums to plaintiff out of the principal of said trust estate as the court may deem necessary to pay for plaintiff's necessaries, maintenance and support, and such order shall be made upon such notice to the parties interested in the fund as the court may require.''

''Upon the death of the said Mary Pollack said trustee is ordered and directed to pay the expenses of her last illness and funeral, and also to expend a reasonable sum, not exceeding two hundred dollars, for a monument at her grave, and is then ordered and directed to pay over the balance of the principal fund, and unexpended income, if any, to the defendants, Phillip Pollack, Henry Pollack, Joseph Pollack, Charles Pollack, Martin Pollack, Hannah Goodman, Lotte Hart, Harrietta Freefield and Lilly Drukker, or their heirs or legal representatives, in equal shares, discharged of this trust, and said trustee may sell any securities on hand for such purpose.''

Thereafter, the trustee appointed in and by the aforesaid decree took charge of the *corpus* of said trust and proceeded to administer the same.

On July 1, 1907, the appellant, Joseph Pollack, was, on his voluntary petition, adjudicated a bankrupt in the district court of the United States for the Eastern Division of the Eastern Judicial District of Missouri. In his sworn statement of his property, which he filed in said bankruptcy proceeding, he did not list or schedule and made no mention of his interest in the trust fund and estate established by the said decree of the circuit court of the city of St. Louis.

On June 2, 1908, the bankrupt estate was closed and the then trustee in bankruptcy discharged without administering upon the bankrupt's interest in said fund. Thereafter on July 6, 1913, Mary Pollack, the life tenant under aforesaid decree, died.

16—211 M. A.

On September 24, 1913, some of the creditors of the bankrupt, whose claims had been duly allowed and only in part paid, filed their petition in said district court to reopen the estate of said bankrupt, on the ground that he had made no mention of the existence of his interest in said trust fund in any of his schedules filed in said estate, but had fraudulently concealed the same. Said petition further contained a prayer for an order upon the St. Louis Union Trust Company of St. Louis, Missouri, trustee, restraining it from paying over to said Joseph Pollack his interest in said trust fund, or any part thereof, or in any other manner disposing of the same, pending the further order of the court.

Upon the filing of the petition, the court, on September 24, 1913, made an order referring the same to Hon. Walter D. Coles, Referee in Bankruptcy, with full power and authority to act in the premises.

Thereafter, on September 24, 1913, the referee made an order directing the bankrupt, Joseph Pollack, and the St. Louis Union Trust Company to be and appear before him on October 6, 1913, to show cause why said petition should not be granted.

Thereafter, the bankrupt and the St. Louis Trust Company appeared and the bankrupt filed his return to the order to show cause. In his said return he admitted that he had failed to schedule his interest in the said trust estate, but denied that he had fraudulently concealed the same, and further avered that he had no vested interest in said trust estate at the time he was adjudged a bankrupt and that therefore he had no interest in said estate which he was bound to schedule. The petitioners filed their reply, denying generally the allegations of the answer.

Upon a hearing had upon said petition, the said order to show cause, the said bankrupt's return thereto and the petitioners reply the referee made a finding and decree, to the effect that the bankrupt, Joseph Pollack, at the time he filed his petiion in bankruptcy and was adjudicated a bankrupt, had a vested title and interest

in said trust fund, subject to the life estate of his mother, Mary Pollack, and that the same passed to his trustee in bankruptcy; that the said bankrupt had fraudulently concealed the existence of his interest in said trust fund from his creditors and his trustee in bankruptcy for the purpose of preventing the said fund from being administered by his trustee under said bankruptcy; that the existence of said trust fund was not known to the trustee in bankruptcy of said bankrupt, or to his creditors while the bankrupt estate was under administration in bankruptcy, and that said fund was not administered in the bankruptcy proceeding, and that knowledge of the existence of said trust fund was not acquired by the petitioners until shortly before the filing of their petition. The referee further ordered that the administration of the bankrupt estate of Joseph Pollack be reopened, a new trustee appointed and the said trust fund administered for the benefit of creditors and that the Union Trust Company, trustee, be restrained and enjoined from paying over to the bankrupt, Joseph Pollack, or in any other way disposing of the interest of Joseph Pollack in and to the trust fund until the further order of the referee.

From this finding and decree of the referee in bankruptcy, Joseph Pollack prosecuted a petition for review to the district judge, who entered his order confirming the findings and order of the referee in all things. From this order, Joseph Pollack prosecuted a petition to revise in the United States Circuit Court of Appeals for the Eighth Judicial Circuit.

On June 4, 1916, said Circuit Court of Appeals rendered its judgment denying the petition to revise. Said judgment held that the district court was clearly right in granting the injunction in said cause, and, without either approving or disapproving the special finding of the referee that Joseph Pollack had a vested interest in remainder in the trust fund in question, held that said bankrupt was bound to report it in his schedules.

On the question of Joseph Pollack's interest in said trust fund, the circuit court of appeals said:

"If a trustee be now appointed, it will be his duty to apply to the State court for this fund, and if it refuses to turn it over to them, apply to the United States district court for an order. [Carling v. Seymour Lumber Company, supra.] It will be for those courts to then determine the exact nature of the interest held by Pollack in the fund, and it would be improper for this court to prejudge that matter for either State or Federal court." [Pollack v. Pollack, 147 C. C. A. 535.]

After the death of Mary Pollack, and on August 17, 1914, the trustee, the St. Louis Union Trust Company, successor to St. Louis Trust Company, the original trustee, applied to the circuit court of the city of St. Louis for an order of distribution, which was on September 14, 1914, sustained, no order, being at the time, made with respect to any distribution to Joseph Pollack on account of the share to which he might be entitled.

Thereafter, on December 14, 1914, Henry Pollack filed in this cause his motion to share in the distributive share of the defendants Joseph Pollock and others, by virtue of a certain assignment executed by said Joseph Pollack and others to him. This motion was by the court, on December 23, 1914, sustained as to all the shares of the assignors named therein except the share of Joseph Pollack, regarding which the court reserved all questions as to its distribution, pending the proceedings against Joseph Pollack to reopen the said bankrupt estate.

On November 3, 1916, the intervening petitioner, Arthur T. Frankel, who was elected trustee in bankruptcy of the estate of Joseph Pollack and who duly qualified as such, was authorized and directed by Walter D. Coles, Referee in Bankruptcy, to file his intervening petition in the circuit court of the city of St. Louis for the aforesaid trust fund.

On November 2, 1917, the respondent filed his intervening petition, setting out therein the facts and proceedings hereinbefore mentioned and praying for an order allowing him to intervene and become a party to this action and that the court determine the distributive share

of Joseph Pollack in the said trust fund. Said petition further prayed for an order authorizing and directing the trustee, the St. Louis Union Trust Company, to pay to intervener, as trustee in bankruptcy of Joseph Pollack, the entire amount of the distributive share of said Pollack in said trust fund, and for such further orders as to the court might seem meet and proper.

Thereafter, the St. Louis Union Trust Company, trustee, under the aforesaid decree of March 6, 1899, filed in the circuit court of the city of St. Louis its final settlement and petition for discharge, and was permitted and did turn over and pay to the clerk of said court the undistributed share of Joseph Pollack in the said trust estate, subject to the orders of said circuit court.

It further appears from the agreed statement of facts that from July 1, 1907, until June 2, 1908, appellant, Joseph Pollack, was a resident of the city of St. Louis, Missouri; that thereafter, he departed from said State, and since then has been and now is a nonresident of said State and a resident of Oklahoma city, Oklahoma, since June 2, 1908.

The appellant, in his answer to the intervening petition set up the following defenses: (1) That the claim of the intervener is barred by the Statute of Limitations and by laches of intervener and the creditors. (2) A denial that he fraudulently concealed or omitted to schedule any interest in the said trust fund, but acted in good faith, and on advice of counsel, in failing to list such interest; and that he fully advised the former trustee of said bankrupt estate of the existence of the interest he might have as a remainderman in said trust estate; and that said trustee advised him that the interest was such that his creditors were not entitled to same. (3) That his interest in said trust fund is a contingent remainder which did not pass to his trustee in bankruptcy.

The reply of the intervener was a general denial; and the case being submitted to the circuit court upon the agreed statement of facts, the court entered a finding and decree that Joseph Pollack had a vested interest in re-

mainder in the trust fund, and that the fund in court be paid by the clerk to Arthur T. Frankel, Trustee in Bankruptcy of Joseph Pollack.

At the trial of the case, the appellant, to sustain his answer offered, over- and subject to the objections of intervener, testimony to show that the bankrupt, at the time of his bankruptcy, informed his then trustee in bankruptcy of his interest in said trust fund, and that said trustee advised him that his creditors were not entitled to same. The trial court sustained the objections made to this testimony.

The assignments of error relate to the action of the trial court in excluding said testimony; to its action in entering its finding and decree that Joseph Pollack had a vested interest in remainder in said trust fund; and that the court erred in not finding that the claim of the intervener is barred by the Statute of Limitations and by laches of the alleged creditors of Joseph Pollack.

There is but one legal question to be decided on this appeal, and that is whether Joseph Pollack had a vested interest in remainder in the trust fund established and confirmed by decree of the circuit court, entered March 6, 1899. All other matters raised here by appellant, are defenses which were or which might have been submitted to the Federal court for consideration on the issues of the case in which the judgment of the United States Circuit Court of Appeals, heretofore mentioned, was rendered and, therefore, are concluded by said judgment, and are *res adjudicata* as to the parties hereto and their privies. [Donnell v. Wright, 147 Mo. 639; 49 S. W. 874; Mallory v. Patterson, 174 Mo. App. 605, 161 S. W. 306; Ogden v. Railroad, 131 Mo. App. 331, 111 S. W. 516; Charles v. Railroad, 124 Mo. App. 293; 101 S. W. 680; Williams v. Hayti, 184 S. W. l. c. 473; Berry v. Milling Co., 240 S. W. 829; Norman's Land & Mfg. Co. v. Realty & Dev. Co., 205 Mo. App. 474, S. W. 43.]

Turning to the said legal question involved, the salient provision of said decree of March 6, 1899, so far as the nature of the interest of Joseph Pollack in the trust

fund is concerned, provides that the annual income and increase of the trust fund was to be used for the support of Mary Pollack, for the period of her natural life, and the capital of same, remaining at her death, was to be distributed to her children, therein named, in equal shares and in full title discharge of said trust.

"A vested remainder is where a *present* interest passes to a *certain and definite person* but to be enjoyed *in futuro*. There must be a particular estate to support it. The remainder must pass out of the grantor at the creation of the particular estate. It must vest in the grantee during the continuance of the estate, or *eo instanti* that it determines. A contingent remainder is where the estate in remainder is limited either to a dubious and uncertain person, or upon the happening of a dubious and uncertain event." [Doe v. Carsidine, 6 Wall. 458.]

"It is the present capacity of taking effect in possession, if the possession were to become vacant, and not the certainty that the possession will become vacant before the estate limited in remainder determines, universally distinguishes a vested remainder from one that is contingent. In short upon a careful attention to this subject, we shall find, that whenever the preceding estate is limited, so as to determine on an event which certainly must happen; and the remainder is so limited to a person *in esse,* and ascertained, that the preceding estate may, by any means, determine before the expiration of the estate limited in remainder; such remainder is vested." [1 Fearne on Remainders, 216.]

The estate decreed to the remainderman, by the decree of March 6, 1899, is not limited either to a dubious and uncertain person or upon the happening of a dubious and uncertain event, but is a present vested right to take possession and enjoy the estate immediately upon the death of the life tenant. Applying the principles, hereinbefore stated, to the case in hand, there can be no doubt but Joseph Pollack had, at the date he was adjudged a bankrupt, a vested interest in remainder in said trust

fund.   [Collier's Will, 40 Mo. 323; Jones v. Waters, et al., 17 Mo. 589; Chew v. Keller, 100 Mo. 367, 13 S. W. 395; Deacon v. St. Louis Trust Co., 271 Mo. 689, 197 S. W. 265; Waddell v. Waddell, 99 Mo. 343, 12 S. W. 349; Byrne v. France, 131 Mo. 639, 33 S. W. 178; Williams v. Lobban, 206 Mo. 415, 104 S. W. 58; Tindall v. Tindall, 167 Mo. 225, 66 S. W. 1092; Rodney v. Landau, 104 Mo. 257, 15 S. W. 962; McFarland v. Bishop, 282 Mo. l. c. 552, 222 S. W. 143; In re Dorgan's Estate, 237 Fed. 507.]

Appellant, in support of his contention that he had a mere contingent interest in said trust fund, cites Dwyer v. St. Louis Union Trust Co., 286 Mo. 481, 228 S. W. 856; Eckele v. Ryland, 256 Mo. 424, 165 S. W. 1035; Dickerson v. Dickerson, 211 Mo. 483, 110 S. W. 700, and DeLassus v. Gatewood, 71 Mo. 371.   These cases are not in point.   In all of them the estate in remainder vested only in the children of the grantor on a contingency, to-wit, on the contingency of their being alive at the time of the death of the life tenant.

Nor does the fact that the trustee was authorized, in the event the income of said trust fund was insufficient for the support of Mary Pollack, to take from and pay over to Mary Pollack such sum from the principal fund as might be necessary to supply such deficiency make the said estate contingent.   This provision does not affect the nature of the title of the remaindermen; the remainder passes burdened with the power given the trustee.   [McFarland v. Bishop, supra, l. c. 552; In re Dorgan's estate, supra; Cornwell v. Wulff, 148 Mo. 542, 50 S. W. 439; Tiedeman R. P. (3 Ed.), Sec. 298.]

It follows that the judgment of the circuit court should be affirmed, and the Commissioner so recommends.

PER CURIAM:—The opinion of BRUERE, C., is adopted as the opinion of the court.   The judgment of the circuit court of the city of St. Louis is accordingly affirmed.   *Allen, P. J.,* and *Becker* and *Daues, JJ.,* concur.